## The Michigan Central Railroad Company v. Eli B. Anderson.

*Recalling witnesses.* Whether or not a witness may be recalled for the purpose of correcting his testimony, is a question within the discretion of the Circuit Judge, and will not be reviewed on error.

*Special risks incident to proximity to Railroads: Liability of Companies.* The care which a railroad company must exercise in the running of trains so as not to injure property situated near their track, is not contingent upon such circumstances as the force and direction of the wind, the dryness of the weather, or the combustible character of property liable to be affected. The company not being in fault as to the quality or character of their equipments, the special risks incident to proximity to rail road trains must be borne by those who establish themselves in such localities.

*Heard April 15. Decided April 26.*

Error to Kalamazoo Circuit.

This was an action on the case brought by Eli B. Anderson, in the Circuit Court for the County of Kalamazoo, against the Michigan Central Railroad Company, for the value of a building, and property therein stored and adjacent, consumed by fire on the night of the 20th of April, A. D., 1866; Anderson claiming that the fire was communicated from sparks and cinders flying from engines passing over the track of the railroad company, and was the result of carelessness and negligence on the part of the agents of the company.

On the trial of the cause, Thompson, a witness who had been examined on the behalf of the company, was recalled by defendants, who proposed to show by his testimony, that when he was on the stand on his direct examination, he did not testify as the plaintiff's counsel had

by their rebutting testimony in the case, assumed; and that if he was so understood to testify, it was a misapprehension, as witness did not intend so to testify, nor wish to be so understood as testifying.

To which proposition the counsel for the plaintiff objected, for the reason that it was not a proposition to allow the witness to correct his testimony, but a proposition merely to allow the witness to go upon the stand and say that what he did testify to was different from what he was *understood* to testify to. The objection was sustained by the Court, and the defendant excepted.

The witness also requested that he might be permitted to explain his testimony and what he testified, or intended to testify to when on the stand, which request was objected to by the counsel for the plaintiff for the same reasons as urged in support of objection to the preceding proposition. The objection was sustained by the Court, and the defendant excepted.

In submitting the cause to the jury, the Circuit Judge, on the request of the plaintiff, charged:

"3. That in applying the rules of the law in this case, regard must be had to the actual state of things at the time; the force and direction of the wind, the dryness of the weather, and the proximity of the building to the railroad; and that what might be ordinary care on a still and wet day might not be in a windy and dry one, and when near to combustible matter. The question still being what care a prudent man would exercise in precisely similar circumstances.

"4. That if the jury find that the plaintiff's building was set on fire by sparks from defendant's engine, such fact is *prima facie* evidence of negligence on the part of defendant, provided the sparks were continuously emitted, were of an unusual quantity and size, impossible but for displaced preventives or negligence in using the engine and fixtures.

"8. That the lawful use of property in an exposed and

hazardous position in an ordinary manner, and for the purposes for which such property is designated, would not be negligence on the part of the plaintiff; provided such property could be so used safely by taking the ordinary care of a prudent man."

To each of which paragraphs of the charge of the Court, as requested by the counsel for the said plaintiff, and as above numbered, 3, 4 and 8, the counsel for the defendant excepted. The jury, under the charge of the Court, found a verdict for the plaintiff for the sum of five hundred and thirty-five dollars. The judgment entered thereon is brought into this Court by writ of error.

*Stuart & Edwards* and *G. V. N. Lothrop,* for plaintiff in error.

I. It is always the right of a party to sustain his witness whose credibility is assailed; more, it is his duty, when producing a witness and his sworn statements in support of his case, jealously to guard his reputation for veracity from unfounded aspersion.

*a.* The plaintiff below offered the testimony of several witnesses as rebutting; the point to which they were examined, was, that on the railroad track at the Knight place the fire at Anderson's could not be seen. Offered as rebutting testimony, it assumes that the point which it rebuts, to wit: that Thompson could and did see the fire from that point, had been testified to by Thompson.

The point involved in the assumed contradiction of Thompson's testimony is material; he testifies that he first saw the fire before his train reached it, which, if true, discharges the defendant's liability, but if he makes the point of discovery an impossible one, as these rebutting witnesses testify, the credibility of his whole statement is affected.

*b.* The proposition then to recall the witness Thompson, and to show by him that what he did testify to, was misunderstood and misrepresented; and showing further what

his testimony was when on the stand, was no more nor less than a proposition to sustain Thompson's credibility against the attacks made upon it. The re-examination of the witness Thompson, was the right of the defendant and the ruling of the Court thereon was not an exercise of discretion.

The decision of the Court denying the right of the defendant below to re-examine the witness, as proposed, was erroneous.

II. The witness himself has the right to the protection of the Court from unjust attacks upon his reputation or credibility. The mandate of the Court places him upon the stand as a witness. What he does not say, he cannot be assumed to have said upon the stand, as the foundation for an impeachment, and it is the witness's privilege to be allowed, when so misunderstood or misinterpreted, to explain or correct misstatements. The witness can claim his privilege as of right, and it is the duty of the Court to grant him a hearing. See as to right of a witness in vindication of his credit, reasoning of Justice Best, quoted *1st vol. Phillips ed., p. 306; Clark v. Vorce, 15 Wend., 193.*

III. The charge of the Court, as in paragraph number 3 of the charge, as requested by plaintiff below, and which is assigned as error, was clearly erroneous, inasmuch as it assumes as possible, and as a duty, what in the nature of the case is impossible, i. e., that the defendant in the running of its engines and trains over its track, can at its will and pleasure, avoid or limit the accidental hazards which spring from wind and weather, and should be held liable for the chance injuries or damages thereby inflicted.

This is not, as we understand it, the law or rule of liability of railroad companies for injuries resulting from moving trains.

*a.* It cannot be said that because the wind is in a particular direction and brisk, and the weather dry that trains should stop running in subordination to the elements. Such a rule would be the destruction of railroads. And yet the

charge of the Court would fairly imply such necessity, when to guard from the increased risk from such supposed conditions of wind and weather, any change of course or direction is impossible.

*b.* The rule as laid down in such charge as applied to a steam vessel on water might be correct, and for the very obvious reason that the vessel's course is under the direction of the master, and is not restricted as on a railroad track to an undeviating line. The vessel's progress may be either restrained or stopped, without, for that reason incurring the hazard of collision with other vessels.—*Cook v. The Champlain Transportation Co., 1 Denio 91.*

The Court below, in its charge, seems to have adopted the rule in the case cited, as the rule in this case. The case cited was a case of damages from burning of plaintiff's mill, situated a few feet from a basin on Lake Champlain, from sparks from defendant's steam vessel passing in the basin. The Court in the case cited, in the same connection further charged, what in this case the Court omitted, as follows: "That the jury were to pass upon those questions, and to determine whether the defendant's agents adopted the ordinary precautions, such as are usual in similar cases to prevent injuries."

*c.* In the case of *Fero v. The Buffalo and State Line Railroad Company, 22 N. Y., 209,* the Court establishes the rule as applied to the facts of that case. It was the case of an engine stopping, and for the time stationary upon its track in a village, and near to combustible wooden buildings, towards which a brisk wind impelled sparks from the engine. The Court held the defendant liable for the damages on the ground of the want of proper care.

In this case the running of the train compelled the approach, not to be avoided, near to the building burned, of the engine in passing upon its line of track; and the degree of care to be exercised must be limited and controlled by the change of circumstances between the cases.

*d.* The charge of the Court now being considered is qualified as follows: "The question still being what care a prudent man would exercise in precisely similar circumstances." This qualification conveys no meaning which would lead the jury properly to construe what precedes it.

The qualification that the degree of care should be such as a prudent man would exercise in precisely similar circumstances, would tend to confuse rather than enlighten the jury, and as a definition of the degree of care to be exercised, it is fairly and justly commented on in *Kelsey v. Barney, 2 Kernan, 425.*

IV. There was error in the charge of the Court, that, if the jury find that plaintiff's building was set on fire by sparks from defendant's engine, such fact is *prima facie* evidence of negligence on the part of defendant. This is not the American doctrine on the question of railway liability for fires communicated by their engines. The American doctrine, except where railway companies are made liable for such damages by statute, is now well settled that the business of railways being lawful, no presumption of negligence arises from the fact of fire being communicated by their engines.—*Redfield on Railways, 1st vol. 3d ed. 454, 455; Rood v. N. Y. & Erie Railway, 18 Barb. 80; Lyman v. Boston & W. Railway, 4 Cush. 288; Burrough v. Housatonic Railway, 15 Conn. R. 124; B. & S. R. v. Woodruff, 4 Maryland, 242.*

This portion of the charge we are now considering, and as requested by the plaintiff, the Court qualified by adding as a limitation thereon, a proviso, to wit: "Provided the sparks were continuously emitted, were of an unusual quantity and size, impossible but for displaced preventives, or negligence in using the engines and fixtures." This proviso is vague and susceptible of different constructions.

V. The charge of the Court, designated as paragraph 8, is not correct. The charge, as applied to the facts in proof in this case, is this: If the jury should find this property

to be in an exposed and hazardous position, and used in an ordinary manner, and for the purposes for which said property is designed, and provided they find that this property could have been used safely by taking the ordinary care of a prudent man, then, in the use which the plaintiff did make of such property, he was not guilty of negligence.

The true rule of law is, and so the jury should have been instructed, that, in the use of property in an exposed or hazardous position, the measure of responsibility is extraordinary, or the highest degree of care.

*May & Buck,* for defendant in error.

I. There was no error on the part of the Court in refusing to admit the testimony of the witness Thompson. In general the defendant has no right to introduce any further proof after resting his case, unless the plaintiff shall introduce new matter by way of rebutting evidence.

The defendants not being entitled as a matter of right, to the testimony which they offered to introduce, its admission or exclusion was a matter resting in the discretion of the Circuit Judge; and his decision, rejecting such testimony, will not be reviewed by this Court.—*D. & M. R. R. Co., v. Van Steinburg, 17 Mich., 99 ; People v. Mather, 4 Wendell, 229 ; Law v. Merrills, 6 Wendell, 268; 276, 277, 280, 281, 282.*

The testimony offered to be given by the witness Thompson, was objectionable for another reason. The witness had given his testimony in relation to the point on the railroad from which he first saw the fire, and it was for the jury, not the witness, to say what he had stated on his former examination.—*Law v. Merrills, 6 Wendell, 276, 281.*—Nor was the witness entitled to make the statement which he offered to make, as an explanation of his testimony. He did not offer to take the stand for the purpose of correcting or explaining his former testimony, but for

the purpose of stating what he intended to testify to, *and what he did testify.* Such a statement could not, with any propriety, be call an explanation.

II. There was no error in the charge of the Court as given in the 3d request on the part of the plaintiff. This paragraph of the charge is, excepting the last sentence, in almost the exact words used by the Circuit Judge in his charge to the jury, in the case of *Cook v. Champ. Trans. Co., 1 Denio, 91,* which charge was held to be correct by the Supreme Court in that state. And the facts appearing in the case of *Cook v. Champlain Trans. Co.,* refute the theory of the plaintiff in error, that this rule does not apply to "railroad trains running from necessity upon an undeviating line."—*1 Denio, 95.*—The railroad company are bound to use more care in regard to fires in a very dry time, or where property is very much exposed.—*1 Redfield on Railways, 451 n 3, 452, 453 n 9; Huyett v. Phil. R. Railway, 23 Penn. St., 373.*

III. There was no error in the 4th paragraph of the charge of the Court, as requested by plaintiff's counsel. The charge without the proviso would have been correct under the facts proved in this case. All other probable modes of accounting for the fire had been disproved, and the fact that sparks of unusual size and quantity were emitted by defendant's engine, had been established; and the *onus* was thereby thrown upon the defendant to prove that the fire was not communicated by their engines, or that proper caution was used.—*1 Redfield on Railways, 453; Sheldon v. H. R. R., 4 Kernan, 218; Piggott v. Eastern Co's Railway Co., 3 C. B., 229; 2 Gr. Ev.* § *230; 1 Hill. on Torts, 135,* § *45.*—But this paragraph of the charge when taken as a whole, was certainly sufficiently favorable to the defendant. The Circuit Judge charged by this paragraph, in effect, that if the jury found that sparks were continuously emitted from defendant's engine, were of an unusual quantity and size, and could not possibly have es-

caped but for displaced preventives, or negligence in using the engine and fixtures, and that such sparks set fire to the plaintiff's building, such facts constituted *prima facie* evidence of negligence on the part of the defendant.

IV. The charge of the Circuit Judge, given in compliance with the 8th request of plaintiff's counsel, was correct, as applied to the facts proved upon the trial. That the business of manufacturing sorghum syrup is a lawful business, and might properly be engaged in by the plaintiff, was not questioned in the Court below, and cannot be here; and the jury were sufficiently instructed as to the effect of any negligence on the part of the plaintiff.—*1 Redfield on Railways, 453, § 7 ; Huyett v. P. and R. R. 23 Penn. St., 273 ; Cook v. Champ. Trans. Co., 1 Denio, 99, 100, 101.*

CAMPBELL, CH. J.

Errors are assigned on rulings and charges of the Court upon the trial.

A witness having testified and been allowed to leave the stand, several witnesses on the other side were called to show that he could not have been able to see certain things from a place where it was claimed he had said he was, at the time when he observed the circumstances which he narrated. An application was then made to allow him to take the stand to show that he had not stated what was assumed, and that he had been misunderstood, and to show what he had said, or intended and supposed he said. This was not allowed.

There is certainly power in a Court to allow a witness to be recalled at his own request, or otherwise to explain his testimony and to correct alleged misapprehensions as to what he has said or meant, and it is often a very necessary power to prevent injustice. But we have not found any authority rendering it imperative on courts to permit it. The jury are expected to remember what has been sworn to, and the correction will not supersede their conviction of

THE MICHIGAN CENTRAL R. R. CO. v. ANDERSON.

the original statements, unless they are satisfied it ought to do so. We cannot, therefore, hold that there has been any error in law on this question, and we have no power to review the discretion of the Circuit Judge.

The action was brought against the railroad company for negligence in causing the sorghum factory of Anderson to be burned by sparks from their engines passing along the railroad, which was separated by a highway and some intervening ground from the premises destroyed, which had upon them about the factory a considerable amount of dry and combustible stalks and similar material.

The Court, under objection, charged the jury that regard must be had to the actual state of things at the time; the force and direction of the wind; the dryness of the weather; and the proximity of the building to the railroad; and that what might be ordinary care on a still and wet day might not be on a windy and dry one, and when near to combustible matter. The question still being what care a prudent man would exercise in precisely similar circumstances.

There had been full testimony in the case upon the character of the engines and stacks, and the use of the proper means to render them as secure as possible from doing mischief by the discharge of sparks, and this charge was independent of any question as to the quality and character of these equipments, as suitable to be used.

We think the rule laid down was incorrect. Vehicles that can choose their track, and can deviate whenever and wherever it is desired, may properly be required to be used differently, according to circumstances. But the necessity of running railroad cars with regularity and uniformity is not a matter of convenience merely. The business cannot be done at all, unless calculations are made upon the movements of trains. And the risks attendant upon a disturbance of that regularity are risks of human life, and not mere business delays. It would not only be vexatious, but

in the highest degree dangerous to make the movements of cars vary with wind and weather. Those who establish themselves in the neighborhood of railroads must know that the trains are expected to run with regularity, and if there are special risks arising from no want of care in the proper equipment and management of engines and trains, those risks are not chargeable to the railroad, but are incident to the situation. And extra care which they demand, must therefore devolve upon those whose interests require the increased vigilance; and the consequences of not exercising it must fall upon the owner, because the railroad is not in fault. We think the judgment must be reversed on this ground.

The other questions, so far as they are material, depend upon very similar considerations, and what we have said will probably be sufficient to prevent any misapprehension upon any of them likely to arise in another trial. We do not think it necessary to consider them further.

CHRISTIANCY and GRAVES, JJ. concurred.

COOLEY, J.

As applicable to the circumstances of this case, I think the charge complained of was calculated to mislead, and therefore I concur in the reversal.