OVE JOHNSON, Respondent, *v.* NORTHERN PACIFIC RAILROAD COMPANY, Appellant.

**1.   Bills of Exceptions — Order Extending Time to Settle.**

Where the district court by *ex parte* orders, which were duly served on respondent's counsel, enlarged the time for settling a bill of exceptions, no reason being brought upon the record for granting such orders, and counsel for respondent appearing, and objecting to the settlement, *held*, such orders were such as the court had authority to make *ex parte*, and were therefore *prima facie* valid. Nothing to the contrary being shown, this court will assume that such orders were based upon a proper showing of cause.

**2.   Same;   Settlement After Statutory Time Had Elapsed.**

Where, after time granted for settling a bill had expired, the district court, without making an order extending time, and, against objection, settled and allowed the bill, *held* not error. Such order of settlement operated to extend the time until the date of the actual settlement. It is within the power of the district court, under the Code, either to enlarge time, or to allow an act to be done after the time limited by the Code. Comp. Laws, §§ 4939, 5093. Under existing statutes, settling bills of exception and statements, and giving notice of intention to move for a new trial, are matters not of a jurisdictional nature. Until the time for appeal has expired, all of the various steps leading up to and including a motion for a new trial may, with respect to time, after statutory time has elapsed, be taken at any time allowed by the sound judicial discretion of the trial court. This court will presume that such discretion is properly exercised in all cases until the contrary appears.

**3.   Railroad Companies — Presumption of Negligence.**

In an action for damages caused by a prairie fire alleged to have been started by defendant's negligence, and where the complaint charges negligence both as to the machinery and appliances in use upon the train which threw out the fire, and as to the management of such machinery and appliances, *held*, the primary fact that defendant's train threw out the fire in question being shown, such fact of itself will operate to make out a *prima facie* case of negligence. Such fact creates a disputable presumption of defendant's negligence.

**4.   Same;   Same;   How Rebutted.**

*Held, further,* that the *prima facie* case of negligence cannot be rebutted by the defendant by showing merely that the machinery and appliances were of a proper character, and were at the time in good condition, without showing the further fact that the same were handled with due care at the time the fire was thrown out.

**5. Same; Degree of Care Required.**

The trial court charged the jury as follows : "The care must be proportionate to the danger. A higher degree of care is required when the wind is high than when it is calm, and where combustible matter is very dry than when it is wet." *Held*, that under the evidence said instruction was erroneous.

**6. Erroneous Instruction in This Case Held Not Prejudicial.**

*Held, further*, that such error does not constitute reversible error, for the reason that the plaintiff conclusively established his right to recover on grounds wholly different from and independent of the subject-matter of the erroneous instruction. Such instruction did not materially affect the substantial rights of the defendant, and hence it is not prejudicial error.

**7. Negligence—Measure of Damages.**

In an action for damages to property caused by negligence, the measure of damages is controlled by § 4578, Comp. Laws, which reads as follows: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud and malice, interest may be granted in the discretion of the jury." Under this section, the following charge *held* to be prejudicial error: "If you find from the evidence that the plaintiff's property was destroyed by or through negligence of the defendant, then you must assess the damages of the plaintiff in such a sum as he has proven to you he has sustained, with interest at seven per cent. per annum from the date of loss to plaintiff." The instruction directly violates the statute, in this: The discretion vested by the statute in the jury to either grant or withhold interest is taken away from the jury, and exercised by the trial court. For this error a new trial will be granted, unless plaintiff consents to a modification of the judgment by deducting interest upon the value of the property destroyed; such value not being contradicted by testimony.

(Opinion Filed November 29, 1890; Rehearing Denied January 13, 1891.)

*A*PPEAL from district court, Stutsman county; Hon. RODERICK ROSE, Judge.

John S. Watson for appellant: The degree of care which a railroad is bound to exercise is not dependent on the weather: Mich. Cen. R. R. Co. v. Anderson; and the instruction quoted above in paragraph 5 of the syllabus is erroneous. If there is error in the charge in respect to any particular point, judgment cannot be affirmed on other grounds, since it cannot be said that the verdict was not the result of the erroneous instruction:

Amaker v. New, 11 S. E. 386. The complaint alleged and the answer denied negligence in handling defendant's engine; the burden was on plaintiff to prove negligence; no attempt to prove it was made; therefore the court's instruction that an engine may cause fires through negligence in its management, was error, because not applicable to the facts proved and because it tended to mislead the jury by directing their attention to an assumed act of negligence: Babcock v. R. R. Co., 33 N. W. 628; Fisk v. R. R. Co., 38 id. 132; Jones v. Mathieson, 2 Dak. 531.

S. L. Glaspell, for respondent: There is no jurisdiction to settle bill of exceptions after the time limited by law or extended by the court has expired: Comp. Laws, § 5083; Hayne on New Trial, p. 773; Higgins v. Mahoney, 50 Cal. 444; Gimbel v. Turner, 14 Pac. 255; Hake v. Struble, 12 N. E. 676; Finley v. Whitley, 22 N. E. 640; Muller v. Ehlers, 91 U. S. 249; Sisson v. State, 45 N. W. 1129; City v. Shipley, 13 Atl. 375.

WALLIN, J. This is an action to recover damages for injuries to property caused by a prairie fire which plaintiff alleges resulted from the defendant's negligence. A verdict and judgment were rendered for plaintiff on December 13, 1889, and by three separate orders the time for preparing and signing a bill of exceptions, and serving a notice of intention to move for a new trial was extended to February 13, March 1, and March 15, 1890, respectively. These orders were duly served on plaintiff's counsel, but were made *ex parte*, and no cause is spread upon the record for making the same. The notice of intention and the proposed bill were served within the last extension of time, *i. e.*, upon March 14, 1890; but the bill was not settled by the trial court until the period last granted for that purpose had elapsed and not until April 15, 1890. Plaintiff's counsel appeared, and objected to the settlement of the bill, and his objections were entered upon the record as follows: "The plaintiff objects to the allowance or settlement of this bill of exceptions for the reason that the same was not presented to the court for settlement within the time limited by law, and for the further reason that the orders herein made extending the time for settlement of the bill of exceptions were made *ex parte*, without notice to plain-

tiff or his attorney, and without his consent; which objection is allowed, and made part of the record in this case. Roderick Rose, Judge. Dated April 15, 1890." A preliminary motion was made in this court to purge the record by striking out the bill of exceptions for the reasons above stated. In support of the motion, respondent's counsel claims in his brief that "the paper which purports to be a bill of exceptions was settled and signed * * * at a time when the court had no jurisdiction to settle or sign a bill of exceptions; otherwise, the statute limiting such time is of no effect, and the orders of the court extending such time were unnecessary, and there is no limit of time for an exercise of such discretion." In support of his contention that the act of allowing and signing a bill is essentially a jurisdictional act, in the sense that the court is without power to do the act after the time limited by statute or extended for that purpose has expired, counsel cites numerous authorities; among others, the following: Hayne, New Trial, p. 773; Higgins v. Mahoney, 50 Cal. 444; Bunnell v. Stockton, (Cal.) 23 Pac. Rep. 302; Buckley v. Althoff, (Cal.) 24 Pac. Rep. 635; Gimbel v. Turner, (Kan.) 14 Pac. Rep. 255; Short v. Railroad Co., (Iowa,) 44 N. W. Rep. 539; also Muller v. Ehlers, 91 U. S. 249; and other authorities.

The case last cited follows the rule of the common law which still obtains in the federal courts, and which requires all proceedings in an action of a strictly judicial character, and not *ex parte* in nature, to be done in term-time. In the case cited the bill was not settled below at the term when the case was disposed of by the trial court, nor was an order entered at such term continuing the matter, and allowing the bill to be settled at a subsequent term. Under the procedure referred to, the court below was without power to allow and sign the bill after adjournment of the term *sine die*, and hence the supreme court refused to consider it. But this practice has long since been abrogated by statute in Dakota. Section 4828, Comp. Laws, provides, in effect, that the district courts are always open for the purpose of hearing and determining all actions, special proceedings, motions, and applications whatsoever, "except issues of fact in civil and criminal actions." Under the innovations made by

the statute, the district courts of the late territory and of the now state of North Dakota, excluding the cases enumerated in the statute, have authority to discharge all their functions, not only at a general or special term, but equally, and to the same extent, when there is, strictly speaking, no term. We think the case, 91 U. S. *supra*, not in point. The district court had ample jurisdiction to allow and sign the bill when that act was done.

But the bill in this case was not settled within the time granted by the court; and respondent's counsel contends that the act of signing and allowing it was, for that reason, without authority, and void. The cases cited in support of this proposition from California, Kansas, Iowa, and Nebraska fully sustain the contention so far as those states are concerned; but we find, upon examination, that the statutes of the states above mentioned which regulate the allowance and settlement of bills of exception differ radically from our own laws upon that subject. It will be found that, in all the states referred to, the language of the statute, either in express terms or obvious implication, inhibits the settlement of bills and statements after the time limited by law or granted for that purpose has expired. On the other hand, our statute, as amended in 1887, (§ 5093, Comp. Laws,) expressly permits any of the acts connected with the settlement of bills and statements, and giving notice of intention to move for a new trial, to be done after the time has elapsed, and within the time granted after the original period has expired. This amendment inaugurated a departure from the California practice, which had largely prevailed in the territory prior to the adoption of the amendment. We think it was the purpose of the act of 1887 to place the whole matter of settling bills and statements for a new trial, and giving the notice of intention, within the sound judicial discretion of the trial court as to the time within which the several steps in the process may be taken after the statutory limit has been passed. In this view of the statute, the entire process leading up to and including a motion for a new trial, after the statutory limit has expired, and before the time of appeal has elapsed, is a matter of sound discretion with the district courts, and hence cannot be properly

classed with questions which go to the jurisdiction of that court. In this case the bill was allowed and settled after the time granted for that purpose had run, and the trial court did not do what it would have been better practice to have done, viz., enter an order of record stating that, for good cause shown, time was extended to the date of settlement. The power to enter such an order on good cause 'being shown is expressly granted by § 5093, Comp. Laws. We hold that the actual settlement operates *ipso facto* to extend the time to the date of such settlement. This view is sustained by authority. Volmer v. Stagerman, 25 Minn. 244. This ruling was made under statutes much less liberal than the rules established by the act of 1887, *supra.* The supreme court of Minnesota placed its decision upon a section of its statute which corresponds to § 4939 of the Compiled Laws.

But the action of the trial court is further criticised by counsel because the several orders of the court extending time were made *ex parte*, and no reason for making them appears of record. From what has been said, it appears that, if the orders extending time had never been made, the settlement of the bill would be upheld as valid, upon the ground that the fact of settlement operated to extend the time to the date of the actual settlement. However such orders may properly be made *ex parte.* See 4 Wait, Pr. 595. We certainly think it would be much better practice, in this class of cases, to require cause to be shown in the usual way by affidavit, and the affidavit should be served upon counsel with the order. The moving party should excuse his default, and bring his excuse upon the record. Such practice would promote the due and regular administration of the law, even in cases where the grounds or cause of the order are within the knowledge of the judge who makes the order. But the question for us to decide is whether the bill in this case was legally allowed and settled finally. For the reasons and upon the authority above shown, we hold that it was. Section 5093 Comp. Laws, is a departure, and goes further in the direction of liberality in facilitating the settlement of bills and statements, and moving for new trials, than any other legislation which has come to our attention. If experience shall demonstrate that the policy of the state is too liberal, the remedy is with the legis-

lature.  Until the contrary is alleged and proven, this court
will hold in a case where a bill or statement is allowed and
signed, or a notice of intention after the time for doing so has
expired, that the district court acted upon good cause shown.
Abuse of discretion will not be inferred from the mere fact that
the record is irregular in not showing the grounds upon which
the court proceeded.  The motion to strike the bill from the
record must therefore be denied.

Proceeding to the merits, we remark, first, that we shall not
have occasion to discuss a number of the questions which are
presented by the record, for the reason that the same questions
were considered and determined by this court in the case of
Gram v. Railroad Co., reported in 46 N. W. Rep. 973, (*ante* p.
252.)  The two cases were represented by the same attorneys,
representing the same parties; the issues made by the pleadings
in the two actions are identical; and the damage was done in
both cases by one and the same fire, originating at the same
time and place, and in the same manner.  The evidence upon
several vital features of the two cases come from the same wit-
nesses and tended to prove the same state of facts in both cases.
We shall therefore, so far as the two cases rest upon the same
facts, apply the principles to this case which were applied in the
former, and not discuss them here.  The acts of negligence
charged which are material were as follows:  *First,* faulty con-
struction of the engine and its negligent and unskillful man-
agement, whereby fire which did the injury was negligently al-
lowed to escape; *second,* the existence, by sufferance of the de-
fendant, of large quantities of grass and weeds and other dry and
combustible material upon the right of way at and near the point
where the fire started.  The first instruction of the court to the
jury excepted to by the defendant was as follows:  "An engine
may be properly constructed and supplied with the necessary
appliances, and yet cause fires through negligence in its man-
agement, in which case the defendant would be liable as for the
running of defective engines."  In support of this assignment
of error, counsel, in his brief, uses the following language:
"This instruction was clearly erroneous.  It is true that the
plaintiff alleged in his complaint that the engine in question

was so negligently and unskillfully handled that fire escaped from it; but, as we have already observed, there was no attempt to substantiate the allegation by proof in its support. The answer of defendant denied negligence in this regard, and the issue was with plaintiff to establish its existence. This he failed to do. There was no evidence whatever introduced as to the manner in which the engine was managed and operated, and therefore nothing upon which the court could properly base a charge as to negligence in its operation. The instruction itself considered as an abstract proposition of law, was doubtless correct; but it was not applicable to the facts upon the trial." We think this position is untenable. Counsel is mistaken in assuming that there was no evidence in the case tending to show negligence or unskillfullness in the management of the engine at the time the fire was emitted; the evidence tending directly to show that the fire which caused the damage was thrown out from one of defendant's passing trains. We hold that this evidence, though purely circumstantial, is, under the better authority, sufficient, *prima facie*, to establish defendant's negligence both as to the character of the machinery and appliances used, and as to the manner of its use and management at the time the fire was thrown out from the train.

The considerations upon which this rule rests are familiar to the profession, and need not be repeated here. The reasons upon which the rule is founded apply as strongly to the management of the machinery as to its character. There is much conflict of authority upon the point, but this court will adhere to the rule as above stated, as most conducive to the ends of justice. See Kelsey v. Railway Co., (S. D.) 45 N. W. Rep. 207, and authorities there cited; White v. Railway Co., (S. D.) 47 N. W. Rep. 146. The *prima facie* case of negligence in operating the machinery and appliances used by the defendant upon the train in question, made by the circumstantial evidence, as before stated, was not overcome or attempted to be refuted by any evidence offered in defendant's behalf. Hoffman v. Railway Co., (Minn.) 45 N. W. Rep. 608. It follows that the trial court correctly and appropriately called attention to this feature of the case. The law as laid down was not only abstractly

correct, but was pertinent alike to the evidence and the issues made by the pleadings. See Nelson v. Railway Co., (Minn.) 28 N. W. Rep. 215; Karsen v. Railway Co., 29 Minn. 12, 11 N. W. Rep. 122. Whether the rule of law is founded upon a statute, as in Minnesota, and some other states, or is established by judicial exposition, as is the case in some jurisdictions, can make no difference. When once adopted, the scope and effect of the rule is the same. It is quite true that plaintiff could have made out his case without showing negligence, either as to the character of defendant's machinery or the mode of its operation, by showing, as he did, that the fire in question was the proximate result of fire thrown out from defendant's train upon its right of way, and which ignited in combustible matter negligently permitted to accumulate and remain upon the right of way; but plaintiff had the right also to allege and prove, as he did, that there was negligence with respect to the machinery used, and the manner of its operation. We find no error in the instruction of the court upon this feature of the case.

The defendant duly excepted to the following instruction to the jury: "The care must be proportionate to the danger. A higher degree of care is required in running engines when the wind is high than when it is calm, and when combustible matter is very dry than when it is wet." We think this instruction was unwarranted by the evidence as given. It is doubtless true, in general, that the law exacts care from all persons in proportion to the danger to be avoided; and this principle is applicable to cases of this character. 8 Amer. & Eng. Enc. Law, p. 3, and note. But the instruction must be considered with reference to the evidence. The evidence showed conclusively that at the time and place where the fire originated vegetation was very dry on the right of way and adjacent thereto, and that when the train in question passed the place where the fire started a strong wind was blowing from the northwest. The evidence established the existence of a state of facts under which, according to the directions of the trial court to the jury, it was incumbent upon the defendent to put forth "a higher degree of care" in running its engines than would be exacted in calm weather, and when vegetation was wet. The trial court signally failed to

inform the jury in what particulars, or how, the higher degree of care which he stated was necessary, under the circumstances of the case, could be exerted; nor did the court by illustration or otherwise, enlighten the jury as to the special nature of that higher degree of care which he said was required in a high wind, and when vegetation was dry.   The court did not explain to the jury, and the evidence failed to do so, that in calm weather certain appliances were used, and certain efforts were required to be put forth, by those in charge of the engine to prevent the escape of fire; and that such preventatives were inadequate, and other means must be employed, when a strong wind prevailed.   In our opinion, the instruction was clearly misleading.   Certainly nothing in the evidence would justify the inference that the defendant could put forth a higher degree of care with respect to preventing the escape of fire at one time than at another.   In the absence of such evidence, there certainly is no presumption of law that railroad companies may be less careful with respect to fire on calm days than when the wind is high.   On the contrary, due care, in this regard, means the greatest possible care at all times, and under all conditions of wind and weather.   See Railroad Co. v. Anderson, 20 Mich. 244.   Not having shown unusual care at the time and place in question, the jury would be warranted under the charge of the court, in finding the defendant guilty of want of due care.   A *prima facie* case having been made out by the plaintiff by the circumstantial evidence, the jury would infer that the company had not rebutted the plaintiff's case, inasmuch as the higher degree of care required was not attempted to be shown.   The jury were certainly misinformed as to the law, and were misled so far as the matter of requiring a higher degree of care is concerned.   Ordinarily, the charge would be prejudicial, and warrant a new trial; but in this case, after a very careful consideration of all the evidence and the whole charge of the court, we are convinced that the verdict was not at all influenced by the erroneous charge.   The undisputed evidence shows defendant to have been negligent in two particulars, viz.:   In the manner of keeping its right of way in which the fire originated; and, *secondly*, in allowing the damaging fire to escape from the engine.   The defendant did not

rebut either branch of plaintiff's case. The company did not offer testimony tending to show ordinary care, either with respect to the manner of operating its train, or as to the condition of its right of way at the point where the fire caught in the same. In this state of the evidence, ordinary care not having been shown by the defendant, the jury could not have done otherwise than find for the plaintiff on the question of defendant's liability. In order to recover, it was not essential for the plaintiff to show negligence in the appliances used, or in the management of the train. The evidence fully warrants the verdict upon another independent branch of the case, viz., that relating to the condition of the right of way. What the jury were told as to due care, or a "higher degree of care," in operating the train, could have no legitimate influence upon their minds in reaching a conclusion as to whether, at the point where the fire started, the right of way was in a negligent condition, or whether the fire caught within the right of way. Upon this branch the evidence was conclusive, and not controverted. We are clear that the instruction was erroneous, but equally clear that it did not prejudice the defendant nor materially affect the substantial rights of the defendant. The assignment of error upon this point must be overruled. Brobst v. Brock, 10 Wall. 519; also opinion in Ross' Case, 112 U. S. 395, 5 Sup. Ct. Rep. 184.

We have carefully examined the defendant's other assignments of error, and find nothing in them which would warrant the court in disturbing the verdict, except the following instruction: "If you find from the evidence that the plaintiff's property was destroyed by or through the negligence of the defendant, then you must assess the damages of plaintiff in such a sum as he has proven to you he has sustained, with interest at seven per cent. per annum from the date of loss to plaintiff." This instruction is error. The action is for the breach of an obligation not arising from contract. In this class of cases, § 4578, Comp. Laws, controls. The section is as follows: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given in the discretion of the jury." The trial judge improperly took

from the jury the discretion vested in them by the statute, and assumed to exercise it himself. Counsel for respondent cites § 4577, Comp. Laws, as authority supporting the instruction. That section has no application to a case like this, where the relation of debtor and creditor does not exist. Nor is this a case where the damages are certain, or capable of being made certain by mere calculation. Counsel also cites numerous adjudications in other states in support of the rule of damages laid down by the trial court. Such authorities cannot prevail against a plain provision of the Code. Section 4578, was doubtless enacted for the express purpose of settling a rule of damages about which there was much fluctuation occasioned by conflicting adjudications. The instruction was in the teeth of the Code, and was a substantial error, which will render it necessary to vacate the verdict, and grant a new trial, unless the plaintiff shall elect to strike from the judgment of the court below the amount which represents the interest upon the value of the property destroyed, computed at 7 per cent. per annum from the date of the loss (September 21, 1885,) to the date of the verdict, (December 13, 1889.) Deducting such interest, the remainder, representing the value of the property at the date of the loss, would be $865.33. The plaintiff, at his option, may apply to the district court, and have the judgment modified by entering judgment for the sum above named, with costs and disbursements, and interest thereon from the date of the verdict; otherwise a new trial will be granted. An order will be entered accordingly. All concur.

REPORTER: As to the rule concerning interest in such cases, see also Ell v. N. P. R. R. Co., *ante* p. 336.