EDWARDS & McCULLOCH LUMBER COMPANY, a Corporation, U. C. TUBBS, partners doing business as EDWARDS & Mc- CULLOCH LUMBER COMPANY, Plaintiffs and Respondents, *v.* L. P. BAKER, Defendant and Appellant.

**Sale—Action for Price—Evidence—Pleading—Bill of Excep. tions—Review on Appeal.**

1. Where, upon trial, the plaintiff proved that it had delivered to defendant an invoice of lumber, to recover the balance of the pur- chase price of which the action was brought, *held* proper for defend- ant to prove that he never consciously accepted the paper as contain- ing the contract between the parties, and that he never examined it or

knew its contents, there being evidence to show that the price was agreed upon before the delivery of the paper, and that defendant had no reason to believe that the paper embodied any contract or part of a contract. Therefore *held* error to refuse to submit to the jury the question whether the price agreed upon was different from that which appeared upon the face of the invoice. *Held, further,* that defendant was not, as a matter of law, bound by the price stated in the invoice, on reading the same after receipt by him of the lumber; nor was he concluded from showing that an account received and retained by him without objection, in which the price was set down according to the invoice, was erroneous because it incorrectly stated the contract price of the lumber. The action not being upon the account stated, but merely to recover the balance of the alleged purchase price of the lumber, *held,* that defendant could show this error without specially pleading it.

2. An order made after statutory time has expired, settling a statement or bill, operates to extend the time for such settlement to the date thereof.

3. On appeal from a judgment, this court will review errors of law occurring at the trial, whether a motion for a new trial was or was not made in the court below.

(Opinion filed Dec. 7, 1891.)

*A* PPEAL from district court, Richland county; Hon. W. S. LAUDER, Judge.

W. E. Purcell, for appellant, McCumber & Bogart, for respondent.

Action by Edwards & McCulloch Lumber Company against L. P. Baker to recover for lumber sold. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

W. E. Purcell, for appellant:

A party who receives a paper upon its face purporting to be a contract, as certain railroad and steamship tickets, will be conclusively presumed to have read and assented to its terms. Quimby v. Railroad Co., 25 Mass. 365; Railroad Co. v. Stephens, 95 U. S. 665. But see Brown v. Railroad Co., 17 N. Y. 306; Fonesca v. Steamship Co., 27 N. E. Rep. 665. When a written contract is shown not to embrace all the agreements of a prior parole contract, parole evidence of it may be given. Baker v. Bradley, 42 N. Y. 316.

McCumber & Bogart, for respondent:

The principal objection to the contract in this case is that it was not subscribed by the parties, but if a party assents to a contract, it becomes his contract without his signature and he may base an action on it.   Case Machine Co. v. Smith, 18 Pac. Rep. 641; Dressel v. Jordan, 104 Mass. 412; Justice v. Long, 42 N. Y. 493. The contract in this case was something in the nature of a bill of lading, which, so far as it is a contract, cannot be varied by parole.   King v. Lady Franklin, 75 U. S. 455; Barber v. Broa, 3 Conn. 9; Railroad Co. v. Putnam, 19 Ohio St. 221;   Shaw v. Gardner, 12 Gray 438; Cox v. Peterson, 30 Ala. 608; The Delaware v. Oregon Iron Co., 81 U. S. 579.   So of an express receipt.   Boorman v. Express Co. 21 Wis. 154. The claim has become stated, as about six months before the commencement of the action defendant received the bill and up to the commencement of the suit made no objection to it.   He is therefore bound by it.   Lockwood v. Thorn, 11 N. Y. 170; Terry v. Sickles, 13 Cal. 427;  Edwards v. Hoeffinhoff, 38 Fed. Rep. 635; Truman v. Owen, 21 Pac. Rep. 665; Bernties v. Bicknell, 3 Pac. Rep. 206; Auzesias v. Nagle, 15. Pac. Rep. 371. Where there has been no objection to the account rendered, there being no evidence of fraud or mistake, it is binding on the parties.   Paper Co. v. Moore, 10 N. E. Rep. 181.

The opinion of the court was delivered by

· CORLISS, C. J.   The trial court having directed a verdict for plaintiff, the defendant appeals.   The litigation grows out of the sale of lumber by the plaintiff to defendant.   The defense was that the contract price therefor was $450, and that all but forty-eight cents of this had been paid before suit was brought, and defendant tendered in his answer judgment for this amount, with costs up to that time.   Plaintiff's contention upon the trial was that defendant was precluded from showing any oral agreement as to the price, because the parties had entered into a written contract on the subject.   The plaintiff did business in Fergus Falls, Minn., and shipped this lumber from that point to De Villo, N. D., where defendant was to construct a barn with it.   Plaintiff's position is that the alleged written

contract showed upon its face the price of the lumber at Fergus Falls, and that defendant was to pay freight thereon from Fergus Falls to De Villo. Upon this theory of the case, the amount for which the court directed a verdict was correct. But the defendant had a right to have his version of the contract submitted to the jury for their decision, unless it had the effect to contradict the terms of a written contract between the parties. He offered to prove that before the delivery of this alleged written agreement the plaintiff had agreed to deliver this lumber for $450 at De Villo, it to pay all freights. We think the trial court should have received the evidence, and left the question as to the terms of the contract to the jury. The defendant testified that he did not read the paper; that nothing was said about its being a contract when it was handed to him; that he put it in his pocket without looking at it, as he supposed that it was the bill of lumber that he had given one of the plaintiffs to figure from. At the time of the delivery of this paper to defendant the bargain, according to his statement, had been closed. There was therefore no particular reason why he should expect a written contract to be drawn. He says that he did not go there to make a written contract, and that he received no intimation from the plaintiff that this paper embodied any agreement concerning the lumber he had purchased. This is not the case of an attempt to controvert the terms of a written contract. The defendant insists that he had never entered into any written contract at all in relation to the matter. He was not asked to sign the paper, and if he was not aware that the plaintiff regarded the paper as the written contract between it and him, and if he did not so regard it himself, but thought it was merely the bill of lumber he had before handed to one of the plaintiffs, we are at a loss to ascertain on what principle he can be held bound by its terms, so long as they were unknown to him. Authorities would hardly seem to be necessary in support of a principle so obvious. Indeed, the cases go much further than we are called upon to go in this case. Strohn v. Railroad Co., 21 Wis. 562; King v. Woodbridge, 34 Vt. 565; 2 Whart. Ev. § 927; 4 Lawson, Rights, Rem. & Pr. § 1853; Black v. Railroad Co., 111 Ill. 351. Said

the court in Strohn v. Railroad Co.: "It is in the nature of a direct fraud or cheat for the company or its agents, after having entered into a verbal agreement, thus wrongfully to insert a contract of an entirely different character, and present it to the party without directing his attention expressly to it and procuring his assent." It would be a startling doctrine that one who has no reason to believe that a paper handed to him embodies a written contract, or that it is anything other than a paper of his own, which, he having handed to another, is returned to him; who receives no intimation from any one that such paper embodies a written contract or any part of an agreement; who does not receive or know its contents—shall be held to have entered into a written contract by putting such paper in his pocket. The plaintiff easily could have informed him of the nature of the paper handed to him. It is true that there is evidence that it did, but this was a question for the jury, the defendant controverting this evidence. The issue in this case is whether the defendant ever assented to the terms of the so-called written contract. If his receipt of the paper, under the circumstances of this case, should be held to bind him as to the quantity of lumber and the price, he would be bound if an exorbitant price had been charged, or if the plaintiff had inserted in the paper all the lumber in its yards at Fergus Falls. The rule excluding oral evidence has no application in this case, nor can it ever have any application until it is established that a written agreement has in fact been made. "Parol evidence is also admissible to show that the paper was never accepted as a contract between the parties." 4 Lawson, Rights, Rem. & Pr. § 1853. While the evidence which tended to show this fact was received, the question was not submitted to the jury, but the court ruled that the invoice constituted the contract as far as the price was concerned, and on this theory directed a verdict against the defendant. This was as prejudicial as though the evidence on this point had been excluded. The paper handed the defendant is merely an invoice of lumber. There is contained in it no agreement on the part of the plaintiff to sell or the defendant to buy. To prove that defendant was to pay $450 for the lumber described in it does not

contradict any of its terms, for it contains no promise on the part of the defendant to pay any other or different sum. But we prefer to place our decision on the first ground.

It was urged that the statement of the case was not settled in time. But the order settling it operates of itself as an extension of the time until the date of the actual settlement. Johnson v. Railroad Co., 48 N. W. Rep. 227, 1 N. D. 354. Other questions of practice, relating to the motion for a new trial, are raised; but no motion for a new trial was necessary to present the question we have discussed on the merits, as the error of the court was one of law occurring on the trial, and can be raised by an appeal from the judgment, which is the nature of this appeal. Sanford v. Bell, 48 N. W. Rep. 434, 2 N. D. 6. It was urged that defendant had estopped himself from questioning the fact that this invoice correctly stated the price, because he read the same some time before the commencement of the action, and that he received and retained without objection an account in which he was charged for the lumber upon the theory that the price was to be, not as he claimed, but as plaintiff now insists. This was about September 25th. The lumber had already been delivered. If defendant's statement is true, the price had been agreed upon at a different sum, and he was under no obligation to return the lumber on discovering that the plaintiff had made different figures in an invoice handed him, but which contained no promise on his part to pay this price, and which he never had reason to regard as embracing the contract. With respect to the bill received and retained without objection, it is sufficient to say that although, in the absence of any evidence of error, the account might be regarded as conclusive as an account stated, yet it is elementary that the person who receives the same may always show an error therein. See cases cited in note to Lockwood v. Thorne, 62 Amer. Dec. 81-91. There certainly was an error therein if defendant's contention regarding the price to be paid for the lumber is correct. Nor is it any answer that the error in the account stated was not pleaded. Defendant was under no obligation to plead it, because he was not apprised by the complaint that an account stated would be relied upon. The action was merely to

recover the alleged.balance due upon the sale of the lumber. Moreover, the plaintiff was put upon its guard on this point by the answer. The facts which defendant would have alleged to show an error in the account stated, had the action been founded thereon, are distinctly set up in the answer. In this answer the plaintiff was notified that on the trial the defendant would insist that the contract price was $450 and no more. The judgment is reversed, and a new trial ordered.

All concur.