THOMAS H. OKSENDAHL, as Administrator of the Estate of Tonnes Jacobson, Deceased, Ole Peterson, as Guardian of Vera Vanstrom, and Theodore Jacobson et al. v. ANNA M. HALES et al.

(146 N. W. 545.)

**Abstract and brief — filing — delay — filing of record — commencement of term — after — no excuse shown — remissness — appeal — dismissal.**

Delay by appellant in filing abstract and brief until after the commencement of the second term of this court following the filing of the record, and other delays, as stated in the opinion, none of which are attempted to be excused, are *held* to show such remissness in prosecuting this appeal as to require its dismissal.

Opinion filed April 7, 1914.

Appeal from the District Court of Pierce County, *Honorable J. F. Cowan,* J.

Appeal dismissed.

*P. J. McClory,* of Devils Lake, for appellants.

*C. L. Young,* of Bismarck, North Dakota, for appellants, on motion to dismiss.

*L. R. Nostdal,* of Rugby, North Dakota, for respondents.

SPALDING, Ch. J.    This action involves the N. E. $\frac{1}{4}$—7—156—72 in Pierce county.    Judgment was entered in the district court of that county, awarding the possession thereof to respondent Oksendahl as administrator of the estate of Tonnos Jacobson, deceased, and holding that it belonged to the estate of said Jacobson, free from certain claims of appellants, on the 13th day of August, 1912.    An appeal to this court from such judgment was perfected about September 20, 1912. Nothing further was done by appellants until July 19, 1913, when an *ex parte* order was obtained from the district court of Pierce county, extending until August 18, 1913, the time for appellant to prepare and serve a statement of the case.

The statement of the case was served July 30, 1913, and on September 1, 1913, one day before the September, 1913, term, the record was filed in this court, and the case was placed upon the calendar of the December, 1913, term.

A motion to dismiss the appeal for failure to file abstract and brief and to prosecute the appeal was made and denied at that term.    Appellants, however, did nothing toward prosecuting the appeal for ten days after the opening of the March term of this court, when their abstract was filed, and on the 14th it was followed by a brief.

In the meantime respondents noticed a motion to dismiss setting forth the facts claimed to show wilful and prejudicial delay in the prosecution, and tending to show a deliberate purpose on the part of appellants by such delay to retain possession of the premises in question through the cropping season of 1914, in fact, proof is offered of statements made by one of the appellants, indicating that the delay had been made with that purpose in view.

Appellants have filed no affidavits in opposition to the motion, and do not explain or excuse their delay.

The rules of this court in effect until September 1, 1913, required abstracts and briefs of appellants in civil cases to be served and filed not less than twenty-five days before the first day of the term at which the case might be heard, and provided that a failure to comply with the rule should be cause for the dismissal of an appeal, and the rules taking effect September 1, 1913, made delay in causing a settlement of a statement of the case, and in the transmission of the record and in other particulars, ground for dismissal, in the absence of excuse.

The motion made at the opening of the December term was sufficient to apprise appellants that respondents were alert in protecting their interests, and we discover no excuse for delay after that time and until another term commenced.

The record before us taken as a whole cannot fail to impress an impartial party with the fact that the delay in the various steps taken has been deliberate and inexcusable.

At the hearing of the motion to dismiss, attorneys appeared who had not been connected with the case before, and they have been furnished with nothing to excuse appellants' remissness. This court has been extremely lenient with appellants in such matters, and by doing so has added greatly to its labors and to the postponement of decisions in litigation in which parties act promptly, but this furnishes no reason for tolerating unexcused and inexcusable failure to prosecute in the case at bar.

We may add that, after our decision dismissing this appeal was announced, new counsel, in addition to the many who have acted for the appellants in the different stages of this litigation which has been in the courts for twelve years or more, appeared and requested us to reconsider our order of dismissal. Whereupon, and with a desire to avoid doing possible injustice, the several members of this court made a complete and thorough examination of the entire record, and reached the conclusion that a hearing on the merits could avail appellants nothing.

The motion to dismiss is granted.