# W. O. BAIRD v. CHARLES D. MATTESON.

## (147 N. W. 722.)

Defendant perfected an appeal from a judgment of the district court of Eddy county to this court September 18, 1911, and on March 9, 1914, the record had not been transmitted to this court, and no abstract or briefs filed. *Held:*

**Appeal — dismissal — motion for — delay — excusing.**

1. In the absence of a showing of extraordinary reasons excusing appellant for his delay, the appeal should be dismissed on motion of respondent.

**Appeal — diligence in perfecting — record on appeal — transmission — rules — not exclusive.**

2. The only act done by the appellant between the perfecting of his appeal, September 18, 1911, and March, 1914, toward securing a determination of such appeal, was to settle a statement of the case in October, 1911, on September 20, 1911, to write the clerk of the district court inclosing his check for $5, stating that it represented the clerk's fees in the matter of the appeal, and requesting that it be credited, and in transmitting to the clerk of the district court on November 7, 1911, a statement of the case, etc., and requesting that the clerk tell counsel immediately when the record was sent to the supreme court. *Held,* that under these and other facts stated in the opinion it devolved upon counsel for appellant to see that his record was duly transmitted to this court, and that the rule permitting the respondent to notify the appellant to cause the record to be transmitted within twenty days, and providing for the record being transmitted by the respondent, is not exclusive, but that respondent may move for dismissal of the appeal for want of prosecution.

**Appeal — dismissal — motion for — hearing — record remanded — purpose — reopen judgment — delay.**

3. On the return day of an order to show cause why the appeal in this case should not be dismissed, defendant submitted a counter motion to have the record remanded to the trial court to enable him to move that court to open the judgment, and permit the introduction of evidence discovered since the trial and judgment from which the appeal was taken. *Held,* that, inasmuch as such evidence is shown to have been discovered May 8, 1912, and no application was made to this court to have the record remanded until after the notice in March, 1914, of a motion to dismiss the appeal for want of prosecution, and the absence of the record on appeal in this court, such delay is

unwarranted, and the facts stated furnish no ground for remanding the record over the objection and in the presence of the motion of respondent to dismiss the appeal.

Opinion filed June 11, 1914.

## Statement.

Judgment was entered in the district court in this action, and notice of the entry thereof served upon defendant's counsel on the 21st day of July, 1911. Time for settling statement of the case was extended, over plaintiff's objections, until October 31, 1911, when it was settled by the judge. An appeal to this court from such judgment was perfected on the 18th day of September, 1911. No motion was ever made in the trial court to open or modify the judgment. Nothing further was done in the way of printing and serving abstract or statement or briefs by appellants until the 7th day of March, 1914, when respondent's counsel procured from this court an order to show cause why such appeal should not be dismissed for failure to prosecute.

March 20, 1914, appellants filed in this court notice of motion for an order remanding the record and proceedings on appeal to the district court of Eddy county to enable the appellants to make such motion, or take such proceedings therein as they might be advised. Affidavits supporting this motion state that the action is in effect one to determine adverse claims to real estate; that the trial court found certain tax deeds valid, and that the appellant Matteson had no right, title, or interest in the premises described; that prior to the trial in the district court a careful search was made of the records and files of the county auditor of Eddy county to ascertain if notices of expiration of redemption had been given or published in connection with the tax deeds referred to; that such notice was required by law, but that nothing was found tending to show such notice had ever been given, and that the county auditor was unable to furnish any information pertaining to the same; that, not finding anything tending to show that notice of expiration of redemption had been given or published, the case was tried upon the theory that they were not given or published; that therefore the deeds were void; that, subsequent to the trial of said action and the perfection of the appeal from such judgment,

and on or about the 8th day of May, 1912, a search of the old files of a newspaper published at New Rockford, in Eddy county, was made; and notices of expiration of redemption on the sale on which said deeds were based were found, and that they had been printed therein; and the object of the motion to remand is stated to be so the appellant may move the trial court to reopen the case and permit the introduction of record evidence of publication of such notices of expiration of redemption. The affidavit of the party who made the examination of such files and discovered the publication of the notices referred to was made the 29th of August, 1913.

It is shown that on September 20, 1911, counsel for appellant wrote the clerk of the district court of Eddy county, inclosing his check for $5, stating that it represented the clerk's fees in the matter of the appeal to the supreme court in this case, and requesting him to credit it; that said check was cashed, and on November 7, 1911, another letter was written said clerk, advising him of the forwarding to him by express of the statement of the case and certificate, together with affidavit of service and notice of settlement, with a request that he get it from the express office, and file it in his office, and acknowledge receipt of the same. The letter closed with this request: "Be sure and tell us immediately when you send this record to the supreme court." Appellant's counsel did not know until March 9, 1914, that the record had not been transmitted to this court. Other statements set forth what was done by appellant's counsel after March 9, 1914, but they need not be set forth here.

*Thorp & Chase,* of Jamestown, N. D., for appellant.
*Maddux & Rinker,* of New Rockford, N. D., for respondent.

SPALDING, Ch. J. It is apparent that, standing alone, the motion to dismiss the appeal should be granted. Delay in doing anything toward prosecuting an appeal from September 18, 1911, to March, 1914, or at least from the writing of the letter to the clerk, November 7, 1911, until the submission of a motion to dismiss the appeal in March, 1914, is such delay as to require a dismissal of the appeal, in the absence of some extraordinary reasons excusing appellants for their delay.

We do not construe the letter of November 7th to the clerk as a

request to transmit the record to the supreme court, but even if it be construed as a direction to him to so transmit it, it also contained the request that counsel be notified when it was sent. Not receiving such notice, counsel was thereby apprised of the fact that it had not been transmitted, and whatever the primary duty of the clerk may have been in the premises, it became the duty of appellant to follow the matter up, and cause the record to be transmitted. Furthermore, under rule 13 of this court, which went into effect September 1, 1913 [23 N. D. xxxix, 141 N. W. viii], it was the duty of the clerk of this court to notify counsel of the failure of an appellant to file his brief, and appellant knew that he had filed no brief, and because the clerk did not call his attention to his failure to file a brief he was thereby charged with knowledge that the record was not on file in this court. See also rules 12 and 15. Notwithstanding all these facts, counsel concededly gave the appeal no further attention until March, 1914. It is further suggested that appellant is excused because respondent did not notify him to send up the record, as he was permitted to do by the rules of this court. This rule, however, does not provide the only method for securing the dismissal of an appeal. Unwarranted delay, or the abandonment of the appeal, furnishes ground for its dismissal, notwithstanding respondent may not have pursued the alternative course of requiring the record transmitted, or of transmitting it himself.

The only other question which need be considered is whether the facts to which we have referred, relating to the discovery of the publication of the notices of the expiration of redemption, furnish a valid reason for not dismissing the appeal. We need not enter into the merits of the case further than to say that the claim of appellants, that the submission of such notices of expiration of redemption in evidence would have falsified the record and resulted in a judgment for appellants in the trial court, is controverted. It is evident that the purpose for which the appellants desire the record remanded to the trial court is in effect to enable them to make a motion for a new trial on the ground of newly discovered evidence, though they term it a motion to open the judgment and permit the submission of further evidence. Its appellation does not change the legal effect of the proceeding proposed. It is elementary that for newly discovered evidence to furnish a ground for a new trial, due diligence must be shown in the attempt to

discover it in time to make use of it on the trial. We have grave doubts of the sufficiency of the showing in this respect to have warranted the trial court in granting a new trial, had the application been made before appeal and without delay after trial. It is alleged that search was made in the auditor's office, and that the present auditor and his predecessors had been examined on the subject, and were unable to furnish any information showing publication of the notices. It nowhere appears that the files of newspapers in the county had been searched. The Transcript, the paper in which it is now alleged they were published, is published at the county seat of Eddy county, where the case was tried, and the duty may have devolved upon counsel to search among the files of that paper, notwithstanding the failure to obtain any evidence through the medium of the auditors or their office. However this may be, there was further delay. This evidence was discovered May 8, 1912, one year and ten months before it was brought to the attention of this court, and long after the case should have been, under the usual methods of procedure, disposed of.

We cannot say what effect such delay in presenting it might have upon the ability of respondent to furnish further evidence in support of his action. The evidence of such publication, if of any avail, should have been presented at the earliest possible moment after its discovery, and it is now too late to make it available on motion for a new trial. Hence it would be useless for this court to remand the record as requested. We may say on behalf of the attorneys who presented the matter to this court, that there appear to have been counsel employed in Minneapolis and in New Rockford, as well as in Jamestown, and that counsel of record in this court appear not to be wholly responsible for the failure to present the matter seasonably. We are of the opinion that the facts narrated furnish no valid reason why the motion to dismiss the appeal should not be granted. It is granted. See rule 15 (23 N. D. xxxix, 141 N. W. viii).