## AUSTIN JOHANNA v. A. L. LARSON and Thomas Lennon.

(150 N. W. 535.)

**Appeal — failure to have record sent up — motion to dismiss — practice.**

 Unless appellant causes the record on appeal to be filed with the clerk of this court within thirty days from the date of filing this opinion, and pays to respondent's counsel the sum of $25; also serves his brief on appeal on or before May 1st next, and enters into a stipulation with respondent's counsel

consenting that the cause may be placed upon the short cause calendar of this court, such appeal will be dismissed.

Opinion filed March 19, 1915.

Appeal from District Court, Willams County, *F. E. Fisk,* J.

Motion to dismiss for failure to diligently prosecute the appeal.

Motion granted conditionally.

*T. M. Cooney* and *Burdick & Murphy,* Milliston, North Dakota, for the motion.

*Wm. G. Owens,* Williston, North Dakota, *contra.*

Fisk, Ch. J.   On respondent's application an order was issued requiring appellant to show cause why the appeal herein should not be dismissed for lack of prosecution.   In support of such order one of respondent's counsel made and served an affidavit setting forth that the appeal was taken to this court from the judgment of the district court on or about December 4, 1913, by the defendant Larson by the service of a notice of appeal and undertaking on plaintiff's attorney, one A. J. Bessie.   That aside from the service on respondent's attorney of a transcript of the evidence, no other steps have been taken to perfect the appeal by settling a statement of the case and causing the record to be certified to this court.

On the return day of such order to show cause appellant's attorney appeared in opposition to the motion and filed an affidavit wherein, among other things, he states that on February 28, 1914, a stipulation was entered into between counsel for the respective parties as follows: "It is hereby stipulated by and between the above-named plaintiff and respondent, Austin Johanna, by and through his attorney, Aaron J. Bessie, and A. L. Larson, one of the above-named defendants and the appellant herein, that the hereto attached instruments, consisting of the summons and complaint, answer, together with notice of trial, note of issue, order for judgment, judgment and transcript of testimony, together with exhibits, constitute the judgment roll in the above and foregoing entitled action, and that the hereto attached transcript is a true and correct transcript of all the evidence adduced at the trial of said action, and it is hereby further stipulated and agreed that the same may be presented to the judge of the district court, as hereto at-

tached, and by him certified and ordered as the settled case in the fore-going entitled action on appeal, and that the same shall be certified as the records and files and proceedings had in the trial of the said action on appeal to the supreme court of the state of North Dakota. It is hereby further stipulated and agreed by and between the above-named plaintiff and respondent and the above-named defendant and appellant, that notice and hearing on application for settlement of the case and certification of the same, and the time of service of the same, is hereby in all things waived, and that the same may be certified as the settled case in said action to the supreme court."

In such affidavit it is also set forth that after such stipulation was made plaintiff's attorney, A. J. Bessie, removed from this state and established his residence in Montana, where he later died "before taking up the matter in question in accordance with the stipulation had herein in reference thereto." It is also stated in such affidavit: "That prior to the death of the said A. J. Bessie there was a distinct understanding between the counsel for both parties that the said matter should be taken up at any time at the convenience of counsel and the judge of the district court; that this affiant entered into such stipulation at the express request of the said A. J. Bessie, respondent's attorney, who was at that time preparing to enter upon the practice of law in Montana, and for that reason stated to affiant that he desired that all matters pertaining to the appeal to the supreme court be indefinitely postponed so that the matter could be reached and definitely settled at such time as the said Bessie could give it the attention it required; that by reason of the sudden and unexpected demise of the said Bessie, the stipulations entered into could not be carried out, and that at no time has there been a notice served upon affiant or his client of the substitution of T. M. Cooney, or any attorney for respondent . . .; that affiant has . . . been unable to ascertain that any substitution of attorneys has been made."

Affiant further avers his willingness to immediately take all necessary steps to perfect the record on such appeal, and that the delay in doing so is attributable to the facts aforesaid. That his client has incurred the expense necessary to procuring the transcript and copies of the record to be used on the appeal. He also states that respondent removed from this state, and that his place of residence or place where

service of any notice could have been made upon him is and was unknown to affiant.

In rebuttal to such showing, respondent's counsel produced a letter of date May 1, 1914, addressed to appellant's counsel advising him that Mr. Bessie had turned said case over to Burdick & Murphy for attention. This letter purports to be signed by Usher L. Burdick and John J. Murphy. Also a reply thereto of date May 4, 1914, addressed to Burdick & Murphy and signed by appellant's counsel, reading as follows: "Referring to your letter of May 1st, which was received, I beg to advise you that the case of Austin Johanna v. Lennon and Larson is ready for the supreme court. As Mr. Bessie and I stipulated, the case could be settled by the judge without further notice."

The above is substantially all the showing on such motion. After duly considering the same, we fail to see how appellant has successfully excused the long delay in causing the statement of case to be settled and the record certified to this court. In view of the written stipulation waiving notice and hearing of application for settlement of the statement of case and the certification thereof, and containing an express consent that the same was correct and might be settled and certified, we fail to see why any delay was occasioned by the other fact stated, but in any event there appears to have been no need of the long delay which has elapsed since May 4th, the date of the letter written by appellant's attorney. The alleged oral understanding claimed to have been had between counsel seems to be squarely in conflict with the prior written stipulation, and the letter of appellant's counsel aforesaid also seems to negative the fact that any such oral stipulation was entered into, for no mention thereof is therein made. However, we are convinced of the good faith of counsel for appellant, and do not question the fact that he labored under the mistaken belief that some such oral understanding was had with Mr. Bessie. We are also satisfied that appellant took the appeal in good faith, for he has incurred the expense of procuring the transcript and copies to be used on such appeal. Furthermore, it does not appear that counsel for respondent have, at any time prior to applying for this order, taken any steps to expedite such appeal, but on the contrary have by their silence impliedly acquiesced in the long delay. They are therefore not in as favorable a position to urge their motion at this time as they otherwise might have been.

We have concluded, in view of the facts before us, to grant respondent's motion for a dismissal only upon the following conditions: The appeal will be dismissed unless appellant shall within thirty days from the date of filing this opinion cause the record on appeal to be certified to the clerk of this court, and pay.to respondent's counsel as terms the sum of $25; also serve his brief on respondent's counsel on or before May 1st next, and enter into a stipulation with respondent's counsel consenting that the cause may be placed upon the short cause calendar of this court.

It is so ordered.