PIERCE COUNTY ABSTRACT COMPANY
and Walter T. Bosley, Plaintiffs
and Respondents,

v.

Sigrid PETTERSON, Defendant
and Appellant.

No. 8107.

Supreme Court of North Dakota.

April 27, 1966.

Rehearing Denied June 2, 1966.

Milton K. Higgins, Bismarck, for appellant.

Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, for respondent.

MURRAY, Judge.

This matter comes before us on motion for dismissal of the appeal and for affirmance of the judgment. The respondent has made such motion based upon Rules 7, 13, and 31 of the Rules of Practice of the Supreme Court of North Dakota. On April 11, 1966, a hearing was held on said motion and a brief was submitted by appellant.

On April 11, 1966, this Court issued its Minute Order dismissing appeal and stating that this opinion would follow.

The procedural situation here is very simple. A jury verdict was entered, on June 23, 1960, in favor of the plaintiff against the defendant. An order denying a motion for judgment notwithstanding the verdict was entered on August 16, 1960. On October 18, 1960, notice of appeal from the judgment and from the order denying motion for judgment notwithstanding the verdict, was served upon respondent by mail and an undertaking on appeal and specifications of error was served, simultaneously. On November 23, 1960, the record on appeal was transmitted by the Clerk of the District Court of Burleigh County to this Court. On April 11, 1966, after motion to dismiss was filed here, the transcript of the evidence was filed by appellant, but no other documents or papers of any kind have been filed herein by the appellant. Among other things, no settled statement of the case nor appellant's brief have been filed here. Appellant has resisted the motion for dismissal and affirmance of judgment, and submitted a brief in resistance to the motion.

In addition to the three Rules of this Court cited by respondent here, we note our Rule 21, which, in part, provides as follows:

"Rule 21 * * *

The clerk of the District Court shall cause the proper return to be made and the same, together with the statement of the case, if any, to be transmitted to and filed with the clerk of the Supreme Court, within fifteen days after the appeal is perfected, unless, by order of the trial court, made upon the application of any of the parties, such return shall be stayed for purposes of the appeal for an additional time, not exceeding forty-five days."

The pertinent statute relating to the subject of Rule 21 is Section 28–27–06, N.D. C.C. which reads as follows:

"When an appeal has been perfected, the clerk of the court from which the appeal is taken, at the expense of the appellant, forthwith shall transmit to the supreme court, if the appeal is from a judgment, the judgment roll. If the appeal is from an order, he shall transmit the order appealed from and the original papers used by each party on the application for such order. The court, however, in case of either judgment or order, upon motion of either party after notice to the adverse party, for good cause shown, may direct copies to be transmitted instead of the originals. The clerk also in all cases shall transmit to the supreme court the original notice of appeal and the undertaking given thereon, and he shall annex to the papers so transmitted a certificate under his hand and the seal of the court from which the appeal is taken, certifying that they are the original papers or copies, as the case may be, and that they are transmitted to the supreme court pursuant to such appeal. No further certificate or attestation shall be necessary. If the appellant, within thirty days after his appeal is perfected, does not cause a proper record in the case to be transmitted to the supreme court by the clerk of the district court, the respondent may cause such record to be transmitted by the clerk of the district court to the clerk of the supreme court, and in such case the respondent may recover the expense thereof as costs on such appeal in case the judgment or order appealed from is affirmed in whole or in part."

We now refer to each of the three rules cited by respondent here. Rule 7 provides, in substance, that, upon perfecting his appeal to the Supreme Court, the appellant shall prepare his brief, serve same, and file it with the clerk before or at the time the record of the case is transmitted to the Supreme Court. Rule 7 also provides that, if the appellant does not comply with this rule, this subjects the appeal to dismissal, unless this court, for sufficient cause, should otherwise order.

Rule 13 provides, in substance, that, if the appellant shall fail or neglect to serve and file the record, or his brief, as required, the respondent may apply to the court for affirmance or dismissal of the cause, as the case may be.

Rule 31 of this Court provides in substance that a failure to comply with any of the requirements of the rules within the time or the manner provided is grounds for dismissal of the appeal, for affirmance, or for the imposition of terms as the case may demand.

 Considering this motion, the court is confronted with the obvious fact that appeals on the merits are favored and that, although this is within our complete discretion, the courts should favor appeals. It is also correct that there is no inherent right to an appeal, but only that granted by statute.

The general thrust of appellant's brief in resistance to the motion is that no harm was done to respondent by the delay. The general thrust of appellant's oral argument

was that appellant's counsel was too busy with other clients to give this attention.

As to the latter proposition, no authorities were cited. As to the former proposition, appellant cited. Hamre v. Senger, (N.D.) 79 N.W.2d 41.

A more pertinent point raised is appellant's inference that respondent had acquiesced in this delay by non-action, in view of the provisions of Section 28–27–06 N.D. C.C. previously quoted *en toto*, the pertinent part of which reads as follows:

" * * * If the appellant, within thirty days after his appeal is perfected, does not cause a proper record in the case to be transmitted to the supreme court by the clerk of the district court, the respondent may cause such record to be transmitted by the clerk of the district court to the clerk of the supreme court, and in such case the respondent may recover the expense thereof as costs on such appeal in case the judgment or order appealed from is affirmed in whole or in part." .

The Court notes also Johanna v. Larson, 30 N.D. 23, 150 N.W. 535 and Austinson v. Kilpatrick (N.D.), 82 N.W.2d 388.

However, counsel for appellant had received three letters from the Clerk of this Court, and of which we take notice as being from our own records. The letters were dated December 1, 1962, August 12, 1963 and August 28, 1963, respectively and each called appellant counsel's attention to the appeal and its pending and incomplete status.

The record discloses no answer by counsel for appellant to any of these letters.

We have also in mind, the holdings of this Court in two cases cited by respondent, in which the periods of delay were far less, yet dismissal was ordered. They are: Oksendahl v. Hales, 27 N.D. 381, 146 N.W. 545; Baird v. Matteson, 28 N.D. 163, 147 N.W. 722.

The unquestioned discretion of an appellate court on dismissal of appeal is pointed out at 5 C.J.S. Appeal & Error § 1377, p. 482 et seq. and 5 Am.Jur.(2d) 346.

■ Recognizing our duty to give appellant every benefit of the doubt, we are nonetheless compelled to hold that five and a half years delay in completing an appeal is not excusable delay. It would make a mockery of our Rules to hold otherwise.

Accordingly, reiterating what we announced by our Minute Order, the above entitled appeal is dismissed and the judgment of the lower court is affirmed.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.

On Petition for Rehearing

MURRAY, Judge.

The appellant has filed a petition for rehearing, setting forth the reasons why appellant's counsel did not proceed with this appeal. In substance these pertain to the problems of the (then) clerk of the district court of Burleigh County, and to the preoccupation of appellant's counsel with other cases and office problems. Appellant's counsel also states his version of why correspondence from the clerk of this court was not answered or complied with. Having examined the petition, we find no reason to change our original opinion. However, in order to determine whether the appellant had substantial rights which were being denied to her by our holding, we have made a thorough examination of the entire record and have come to the conclusion that a hearing on the merits would avail her nothing.

The petition for rehearing is denied.

TEIGEN, C. J., and STRUTZ, ERICKSTAD, and KNUDSON, JJ., concur.