## HICKOX v. EASTMAN et al.

Under Rev. Code Civ. Proc. § 96, providing that any person may before trial intervene who has an interest in the matter in litigation, etc., an order granting an application for leave to intervene and claim attached property, after judgment by default, without vacating the judgment, was void.

Where, after judgment by default, in an action in which an attachment had been levied, an order was made allowing one claiming the real property on which the attachment had been levied to intervene and opening the default judgment to allow his rights to the

property to be adjudicated, on terms, but no complaint in inter-vention was ever filed, and the terms were not performed, such inter-vener was not estopped by the order from thereafter maintaining suit to vacate the attachment proceedings and to set aside the sale.          ,

Real estate in controversy had been conveyed to a trustee for certain townsite companies, but owing to defects in filing plats it was necessary to reconvey the property to G. in order to have proper corrections made. G. neglected to reconvey the property to a trustee for the corporations after the corrections in the plats were made until the property was attached by his creditors. **Held,** that the town-site companies were not estopped by leaving the title in G. to claim that they were the actual owners of the property, and that it was not subject to the attachment, under the rule that only property actu-ally owned by the debtor can be applied in payment of a judgment in attachment proceedings, unless there have been such acts on the part of the person claiming title as would estop him in equity from claim-ing the same.

(Opinion filed, January 15, 1908.)

Appeal from Circuit Court, Fall River County. Hon. Levi McGee, Judge.

Action by Jay R. Hickox, as trustee, etc., against Charles S. Eastman, as sheriff of Fall River county, and another. From a judgment for plaintiff, defendants appeal. Affirmed.

*Cleveland & Juckett,* for appellants. *Montgomery & Hall* and *Goodner & Goodner,* for respondent.

CORSON, J. This action was instituted by the plaintiff as trustee of the property of the Interstate Townsite Company and the South Dakota and Wyoming Townsite Company to vacate and cancel certain attachment proceedings in a case in the circuit court of Fall River county instituted by one George A. Fletcher against Francis C. Grable, resulting in a sale of certain property claimed by the townsite companies, as the property of Francis C. Grable and execution of a deed therefor to the defendant Fletcher. Findings and judgment being in favor of the plaintiff, the de-fendants have appealed.

A motion was made in this court to dismiss the appeal in this action, but in the view we take of the case it will not be necessary to consider or discuss this motion on this appeal. It appears from the record in this case that in February, 1898, one George A. Fletcher held a note of one Francis Grable for a sum

exceeding $10,000, including interest, and that he instituted an action in the circuit court of Fall River county to recover a judgment thereon, and in such action a warrant of attachment was issued and levied on the property involved in this action; that no answer or demurrer having been served or filed in said action judgment was entered on the 31st day of March, 1898, against said Grable and in said judgment the court ordered and directed that the property so levied upon under the warrant of attachment be sold to satisfy said judgment; that the property was advertised for sale under a special execution issued upon said judgment, and on September 10, 1898, the same was sold to the defendant Fletcher by the sheriff of Fall River county for the sum of $7,500; and that this sale was confirmed by the circuit court, and the usual certificate of sale was issued, and the usual deed executed.

It further appears: That on April 12, 1898, a petition was filed on part of the present plaintiff, Hickox, for leave to file and serve a complaint in intervention, and that upon this petition the court made the following order: "The attached complaint in intervention having been this day presented to me in open court, and leave asked to file the same by F. M. Vroman and S. E. Wilson, attorneys for the intervener named therein, it appearing that good cause exists therefor, it is ordered that leave be and is hereby granted to file the same, and the said J. R. Hickox, trustee, be permitted to intervene in said case." That on April 14, 1898, a copy of the complaint in intervention and of the said order was personally served upon G. M. Cleveland, as attorney for said Fletcher in the attachment case, but the judgment by default in the Fletcher case was not vacated or set aside. No further proceedings on said complaint of intervention seems to have been taken until September 3, 1898, when the said circuit court made the following order: "This cause coming on to be heard this 3rd day of September, 1898, at the city of Hot Springs, S. D., upon the petition and application of J. R. Hickox, trustee, for an order to stay an order of sale hereto issued in the above-entitled matter, and upon an order for plaintiff to show

cause why the said petition and application should not be granted, and the execution and order of sale in this case should not be stayed until the final determination of this cause, the plaintiff having appeared by his attorneys, and rested the said petition and application upon the grounds and for the reason that the order heretofore made allowing the petitioner, J. R. Hickox, trustee, the right to intervene, was improperly made, for the reason that judgment had been entered by default in the attachment proceedings herein prior to the order allowing the said petitioner to intervene, it is ordered that the judgment entered by default herein on the 31st day of March, 1898, be and the same is hereby opened up in so far as it adjudicates the right of the parties to the property in dispute herein for the purpose of. allowing the petitioner, J. R. Hickox, trustee, to come in and have his rights to the said property adjudicated and determined, and the said J. R. Hickox, trustee, be and is hereby permitted and allowed to proceed as intervener, and all proceedings herein heretofore had by him as intervener to be and remain the same as though this order opening up the said default judgment had been made and entered prior to the order made herein on the 13th day of April, 1898, allowing the said J. R. Hickox, trustee, the right to intervene herein. The petitioner is permitted and allowed to amend his petition to conform to this order. It is further ordered that the execution and order of sale heretofore made herein be and the same is hereby stayed as to that portion of the property described in said complaint of intervention as follows (here follows description of the land in controversy) until the trial and determination of said complaint of intervention, and until the further orders of the court; that a copy of this order be served upon said plaintiff or his attorney of record and the sheriff of Fall River county. And it is further ordered that the said J. R. Hickox, trustee, or his attorney, pay to the plaintiff's attorney herein the sum of $75 as attorney's fees, and also pay all costs accrued under the said execution since the date of said judgment, including clerk's, sheriff's and printer's charges, and upon the failure of the said Hickox, trustee, or his attorney, to pay the said sums of money, this order to be null and void, and the said plaintiff be permitted and

allowed to proceed with the sale of said premises." The conditions prescribed by said order to give it effect were not complied with, and no complaint in intervention was filed, and no proceedings whatever were had or anything done in said action of Fletcher against Grable in pursuance of said order. That thereafter on the 10th day of September, 1898, this action was commenced by the said plaintiff, Hickox, and in his complaint he sets out substantially the same facts constituting a cause of action as set out in the complaint in intervention.

It is contended by the defendants and appellants that said Hickox having obtained leave to file a complaint in intervention, he is now estopped from maintaining the present action, for the reason that he could have litigated in that action all of the issues sought to be litigated in the present action. This contention, in our opinion, is untenable, for the reason that the court finds that no complaint in intervention was in fact filed under the order of September 3d, and under the terms of that order he could not have properly filed such complaint until he had complied with the terms of the order as to the payment of the $75 and costs. It will be observed that the court held, and we think properly, that the petition for leave to intervene presented, and the order made on April 13th, subsequent to the entry of judgment in the Fletcher case, was ineffectual for any purpose. Section 96 of the Revised Code of Civil Procedure provides that: "Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation in the success of either party, or an interest against both." It will be observed that the judgment had been rendered in the attachment action prior to the filing of the petition for leave to intervene, and that the court without vacating or setting aside the judgment rendered made the order of April 13th. The court in its order of September 3d evidently treated the order of April 13th as null and void, and we are of the opinion that the court was fully justified in so treating it. While it would have been the better practice to have vacated and set aside that order in the order of September 3d, this was in effect done by the latter order. The plaintiff herein not having complied with the terms of the order of September 3d, and his complaint in inter-

vention not having been amended or filed prior to the commencement of the present action, he never had any standing in the attachment action as a party thereto, and he was not estopped therefore by the proceedings in that action from instituting the present action.

The court further finds that at the time the sheriff of Fall River county levied the warrant of attachment and made the sale of the property said Grable was not the owner of said property, but that the same was the property of the two townsite companies mentioned, although at the time the legal title stood in his name, as he was not in fact the owner of the property, the two townsite companies being the real owners of the same. It is contended by the appellants that this finding of the court was not supported by the evidence, but this contention is in our view untenable. The evidence on the part of the plaintiff tended to prove the allegations of his complaint that in 1895 the two townsite companies were incorporated, and that the properties in controversy were conveyed to a trustee for said townsite companies, but owing to some defect in filing the plats it was necessary for the townsite companies to reconvey the properties to the said Grable in order to have the proper corrections made to the plats. But owing to a press of business said Grable neglected to reconvey the property to a trustee for the corporations after said corrections in the plats were made until after the warrant of attachment was issued and levied. Upon this subject the court finds as follows: "At all times since June 24, 1895, the real estate in controversy has been the property of the Interstate Townsite Company and the South Dakota and Wyoming Townsite Company; the legal title thereto, however, having been held by trustees for and on behalf of the said townsite companies, said trustees as such, and not individually, being the owners of and entitled to the possession, control, and disposition of the said real estate. At the commencement of this present action the plaintiff, J. R. Hickox, as trustee for the said townsite companies, was the owner of the said real estate in controversy herein, and entitled to the possession, control, and disposition thereof as such trustee, and the said George A. Fletcher, under and by virtue of the levy of the said warrant of attachment

upon the real estate in controversy and the subsequent proceedings pursuant thereto, did not obtain any right or title to or interest or estate in or lien upon the said real estate in controversy herein." Our attention has not been called to any evidence in the record tending to disprove these findings of the court. The only claim made by the appellants in reference to the evidence being that the corporations in allowing the title to stand in the name of Francis Grabe misled the plaintiff in the former action and induced him to part with his money or make the loan to said Grable of $10,000 upon the faith of his apparent ownership of the townsite companies' properties. But no estoppel was pleaded, and the record fails to disclose any evidence tending to prove that Fletcher, the plaintiff in the former action, had any knowledge that the titles to these properties stood in the name of said Grable, or that he was in any manner induced to make any loan to said Grable upon the faith of Grable's apparent ownership of the property, and there is no evidence that there was any fraudulent intent on the part of the townsite companies, in permitting the title to the properties to remain in Grable. In the absence of such proof Fletcher could not legally sell the properties of the townsite companies in satisfaction of his judgment against Grable. This court in the case of Robin v. Palmer, 9 S. D. 36, 67 N. W. 949, held in attachment proceedings that only property actually owned by the defendant can be sold therein, and that, where the property was owned by a person not a party to the action, he could recover the property, notwithstanding the title to the same at the time of the attachment proceedings was in the name of the defendant in the action, and that "title acquired by an unrecorded deed is superior to that obtained by a purchaser at an execution sale under an attachment levied after the deed was made." Applying the law as laid down in that case to the case at bar, the fact that the title to the property was in Grable at the time the attachment proceedings were commenced did not prevent the corporations from asserting their rights to the property and holding the same as against the attaching creditors. It is clear from the language of the Code that it is only the property actually owned by the debtor that can be applied in payment of the judgment in attachment pro-

ceedings, unless there has been such acts on the part of the person claiming the title as would estop him in equity from asserting his title to the same. But as . before stated in the case at bar there seems to be no evidence in the record showing any such acts on the part of the owners as would estop them, even if the acts constituting an estoppel had been pleaded. The mere fact that the corporation omitted to secure from Grable the legal title before the warrant of attachment was issued and levied is not sufficient to deprive them of their rights to the property in the absence of any proof that their conduct was such as to actually influence the judgment attaching creditors to his prejudice.

Finding no error in the record, the judgment of the court below, and order denying a new trial, are affirmed.