CITIZENS NATIONAL BANK OF NORTHWOOD, NORTH DAKOTA, a Corporation, Respondent, v. MARY LARSON, Ole E. Larson, Carl Larson, Martin Larson, Edwin Larson, Bernhard Larson, Joseph Larson, Albert Larson, Vernal Larson, Emmie Larson Holte, Nora Bakke, Meidell Larson, Grace C. Cowran, and All Other Persons Unknown Claiming any Estate or Interest in or Lien or Encumbrance upon the Property Described in the Complaint. MARY LARSON, Appellant.

(230 N. W. 292.)

Opinion filed March 17, 1930. Rehearing denied April 24, 1930

*Lemke & Weaver,* for appellant.

428

*Libby & Harris,* for respondent.

Per Curiam. The notice of appeal herein states that the "intervenor," Mary Larson, appeals from the order of the district court entered on the 1st day of August, 1929, denying the "said defendant's motion for leave to answer and especially from the order entered by said district court herein on the 26th day of September, 1929, deny-

ing the said defendant and intervenor, Mary Larson, the right to intervene or answer and from the whole thereof." The record before this court shows that the action is one to determine adverse claims to real property; that the appellant was one of a number of defendants who failed to answer within the statutory time; and that one defendant, coming under the description of an unknown person claiming an estate or interest, answered raising certain issues. In March, 1928, the defendants who were in default, through their attorneys, served notice of motion for leave to answer. This motion came on for hearing on June 4, 1928, when the cause was otherwise ready for trial. The motion was denied and the trial proceeded. A formal order denying the motion, dated July 9, 1928, appears to have been signed by the judge at the instance of the appellant's counsel. While the court was holding the cause under advisement, the appellant, Mary Larson, who was at that time a defendant in default and who had been denied leave to answer, moved to be permitted to intervene, the motion being heard on October 8, 1928. On February 5, 1929, the court rendered its decision in the action on the merits in favor of the plaintiff and against the defendants. Notice of entry of judgment was served on appellant's attorneys February 15th. On August 1, 1929, the court signed a second formal order denying the motion of the defendants for leave to answer and on September 26th signed a further order designated as an order denying motion for intervention. After reciting the history of the case, the order formally "denies the motion of Mary Larson for leave to intervene, on the grounds that she was wholly and entirely in default in said action, and that there was not sufficient excuse or reason for such default, and on the ground that said motion was not timely made, . . ." Additional grounds are also stated which need not be mentioned here further than to say that the order was based upon what was termed the "final order in said action of date August 1, 1929." The history of this litigation briefly narrated above makes it clear that the order or orders appealed from cannot be reversed.

In so far as the orders of August 1st and September 26th, 1929, are to be regarded as orders denying the appellant the right to intervene, they are obviously correct. Section 7413, Compiled Laws of 1913, which provides for intervention, provides for it only before the

trial and not after. It says: "Any person may before the trial intervene in an action or proceeding, who has an interest in the matter in litigation in the success of either party, or an interest against both. . . ." See Hickox v. Eastman, 21 S. D. 591, 114 N. W. 706. The record fails to show that the appellant attempted to intervene before the trial. At the time of the hearing before the trial it was recognized that the parties in whose behalf the motion was made, including the appellant, were already parties—parties who had been served and who were in default. They asked only to be relieved of that default and to be permitted to answer as though the default had not occurred. Once relieved of the default they would have had a right as parties to have answered. Intervention (if appropriate at all here) was apparently not thought of until after the trial. At that time it could not have been granted (§ 7413, supra). So it was proper to deny it.

In so far as the appeal brings up for review the orders entered in August and September, 1929, as orders denying the appellant leave to answer, the record now before us shows a moot question to be presented. The transcript shows that the trial court definitely denied this motion before proceeding with the trial in June, 1928, and the record shows that the trial judge signed a written order evidencing this ruling, which order is dated July 9, 1928. It is true that this order appears not to have been filed until October 22, 1929, but counsel for the respondent assert, and such assertion is not denied, that the order was signed by the judge at the instance of counsel for the appellant and served upon them. It therefore appears that the motion of appellant's counsel to be permitted to answer was ruled upon in June, 1928, and that a formal order denying the motion was signed by the judge at the instance of appellant's counsel on July 9, 1928. The appellant had notice thereof within Section 7820, Compiled Laws of 1913, which limits the time for appeal to sixty days from the time when the order was signed in the circumstances here shown. The finality of such an order for purposes of appeal is not affected by the date of filing. Lake Grocery Co. v. Chiostri, 31 N. D. 616, 154 N. W. 533. Hence, the motion was definitely disposed of and the order disposing of it became final sixty days after July 9, 1928. Likewise, the judgment became final in August, 1929. Any action, therefore, which this court might take by way of reversing the orders of August and September, 1929, could

not affect either the finality of the order of July 9, 1928, denying leave to answer, or the finality of the judgment if the same was not appealed from within six months from notice of entry thereof. No motion or order has involved any attempt to vacate or otherwise affect the judgment or the order of July 9, 1928.

It follows that the appeal in the instant case is moot and must be dismissed as such. It is so ordered.

BURKE, Ch. J., and BIRDZELL, BURR, NUESSLE, and CHRISTIANSON, JJ., concur.