[File No. 6962]

OLAF BRAATELIEN, Appellant, v. EMMA BURNS and J. H. Burns, Defendants, Hans K. Haugland, Intervener and Respondent.

(19 NW2d 827)

Opinion filed August 31, 1945

30

*Olaf Braatelien,* for appellant.

*E. A. Tannas,* for respondent.

NUESSLE, J. This action was brought to recover on a promissory note executed by the defendants Burns. Upon application of Haugland the court issued an order directed to the plaintiff to show cause why Haugland should not be permitted to intervene. Haugland entitled his application "Petition to Interplead." With it he submitted a "Proposed Answer." In support of the application he also submitted a showing of the facts

on which he predicated it. The court treated the application as one for leave to intervene made pursuant to the provisions of § 7413, Comp Laws 1913 (1943 Rev Code, §§ 28–0219, 28–0220) and so denominated it both in his memorandum opinion made when he granted leave to intervene and in the order granting the same. Counsel also at all times considered the application as made pursuant to the provisions of this statute.

The matters and things set out in the proposed answer and in the showing made in support of the application may be summed up as follows: The defendants Emma Burns and J. H. Burns owned a house and lot in the city of Crosby. They executed their note for $1500, on which the plaintiff seeks to recover in this action, to the Midwest Holding Company and secured the same by a mortgage on this property. The holding company assigned the note and mortgage to one Esser. Thereafter, in November 1928, the intervener Haugland purchased the property from the defendants Burns and as a part of the consideration therefor agreed to assume and pay the indebtedness secured by the mortgage. He made payments thereon from time to time but in 1942 there remained a considerable portion unpaid. Esser, in the meantime, had died and his estate, including the note and mortgage, had been distributed among his heirs. In January, 1942, Haugland employed the plaintiff to act for him in making a compromise settlement with the heirs. Plaintiff undertook to do this for Haugland and was successful in effecting a compromise. Haugland then paid the amount agreed upon. The owners of the note and mortgage sent to plaintiff for Haugland the note, the mortgage, the satisfaction thereof, the abstract of title, and a certified copy of the decree of distribution showing their ownership. Plaintiff then turned over to Haugland all of these papers but the note, which he retained. Haugland took no exception to this thinking that since the debt was discharged and the mortgage satisfied the note was of no value. Thereafter, and sometime in 1944, plaintiff brought this action against the defendants Burns to recover on the note. Haugland then applied to the court for leave to intervene and set forth the facts substantially as above stated

in his showing and proposed answer. The plaintiff made no denial of the allegations of fact set forth in the showing and proposed pleading but challenged their sufficiency either to constitute a defense or to entitle Haugland to intervene. The court overruled this challenge and ordered that leave to intervene be granted. Thereupon the plaintiff perfected the instant appeal.

Section 7413, Comp Laws 1913, provides:

"Any person may before the trial intervene in an action or proceeding, who has an interest in the matter in litigation in the success of either party, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it was an original complaint."

This section was inherited from Dakota Territory. It was there enacted as § 90 of the 1877 Territorial Code of Civil Procedure, and is later found as § 4886 of the Dakota Compiled Laws of 1887. It is identical with the statute of the State of South Dakota (Comp Laws SD 1929, § 2322) and substantially the same as that of the State of California (1941 Code Civil Procedure, § 387) and of many of the other states. See, State ex rel. Fargo v. Mitchell, 24 ND 196, 139 NW 572; Walker v. Sanders, 103 Minn 124, 114 NW 649, 123 Am St Rep 276; Pomeroy, Code Remedies, 5th ed, § 310. So there is no dearth of authority as to its construction and application. See, Pomeroy, Code Remedies, 5th ed, §§ 323 et seq. This statute, § 7413, supra, is to be liberally construed. Walker v. Sanders, 103 Minn 124, 114 NW 649, 123 Am St Rep 276, supra. "It may be resorted to in any and all actions, and at every stage in the action

prior to the commencement of the trial." Pomeroy, Code Remedies, 5th ed, § 313. But as to whether an application for leave to intervene is timely made is a matter within the discretion of the court. If it is timely, the applicant, provided he can show the requisite interest to come within the terms of the statute, is entitled to it as a matter of right. Gale v. Frazier, 4 Dak 196, 30 NW 138; State ex rel. Fargo v. Mitchell, 24 ND 196, 139 NW 572, supra. In the instant case the plaintiff did not challenge the application as being untimely. His challenge, in effect a demurrer, was that the showing made and the proposed pleading did not state facts sufficient to constitute a cause of intervention or of action.

The statute provides that "Any person may before the trial intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either party, or an interest against both." Now in the instant case it appears, both from the showing made as well as from the allegations of the proposed answer, that the intervener Haugland had agreed to assume and pay the mortgage indebtedness evidenced by the note on which plaintiff seeks to recover, as a part of the purchase price of the property which he bought from the defendants Burns; that he complied with his agreement and paid the same; that the note and mortgage in question were turned over to the plaintiff for him; that though he was entitled as against the plaintiff to possession of the note, the plaintiff retained it and brought this action to recover from the defendants Burns on it. As a consequence of his agreement to assume and pay the indebtedness, Haugland became both legally and morally bound to pay it and as between himself and the defendants Burns the relation of principal and sureties was thereby created. See, Clark v. Henderson, 58 ND 660, 227 NW 185; Clark v. Henderson, 62 ND 503, 244 NW 314, 84 ALR 347; McDonald v. Finseth, 32 ND 400, 155 NW 863, LRA1916D 149; Moore v. Booker, 4 ND 543, 62 NW 607; 37 Am Jur 316, Mortgages, and cases cited in note 12. Thus Haugland, as principal, became bound to reimburse the defendants Burns as his sureties should they be

required to pay any judgment that might be entered against them, together with costs, on account of the obligation Haugland had assumed and agreed to pay. See, § 6685, Comp Laws 1913 (1943 Rev Code, § 22–0310). Clearly, under these circumstances, he has such an interest in the matter in litigation and in the success of the defendants in that litigation as brings him within the purview of the statute. Becker v. Northway, 44 Minn 61, 46 NW 210, 20 Am St Rep 543. Plaintiff in support of his challenge cites and relies upon the cases of Dickson v. Dows, 11 ND 407, 92 NW 798 and Bray v. Booker, 6 ND 526, 72 NW 933. These cases as stated in their syllabi hold that "To entitle a party to intervene in an action, he must have such a direct and immediate interest in the matter in litigation that he will either lose or gain by the direct legal operation and effect of the judgment." The facts, however, in both of them are much different from those in the instant case. In any event, our holding in the instant case is not at all inconsistent with the rule there enunciated. As said in Becker v. Northway, 44 Minn 61, 46 NW 210, 20 Am St Rep 543, supra: "Indeed, we can hardly conceive a case more within the spirit and intent of the statute than one in which the intervener stands in the relation of indemnitor to one of the parties."

The order from which the appeal was taken is affirmed.

CHRISTIANSON, Ch. J., and BURKE, MORRIS and BURR, JJ., concur.