Barbara AUNE, Plaintiff and Appellant,

v.

CITY OF MANDAN, a municipal corpora-
tion, Defendant and Respondent.

Civ. No. 8532.

Supreme Court of North Dakota.

March 18, 1969.

William R. Mills, Bismarck, for plaintiff and appellant.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for defendant and respondent.

PAULSON, Judge.

This matter came before the court on March 4, 1969, upon the respondent's, City of Mandan's, motion to dismiss the appeal. The City's motion is based upon two grounds, namely, that since the undertaking was executed by the appellant, Barbara Aune, and was signed by only one surety, it did not comply with the requirements of § 28–27–09 of the North Dakota Century Code; and, further, that Barbara has failed to perfect the record on appeal and cause the same to be filed in this court within the time allotted.

Barbara opposes the motion by urging that the undertaking was executed pursuant to her counsel's interpretation of the law, and presents to this court a motion to permit the substitution of an additional surety, and buttresses her position by contending that such motion was made as soon as the City offered an objection to the bond, and that Barbara's belated forwarding of the appeal record was justified for reasons later set forth in this opinion.

Prior to proceeding with a discussion of the motion, it is necessary to consider the status of the case. The trial court, on October 2, 1967, executed its order permitting the City to amend its answer and an additional order granting the City's motion for summary judgment of dismissal, both of which were served and filed on October 3, 1967. The summary judgment was docketed on October 16, 1967, by the clerk of the District Court of Morton County, North Dakota, and notice of entry was duly served. On November 30, 1967, Barbara appealed from the trial court's order granting the City permission to file an amended answer and from the summary judgment of dismissal. The notice of appeal was served upon the City on November 30, 1967, and filed with the clerk of the district court on December 1, 1967. The undertaking on appeal was served upon the City by mailing a copy of the undertaking under date of January 31, 1968. The bond at no time was ápproved by the clerk of the district court. A transcript, together with a stipulation settling the statement of the case, was mailed to the attorneys for the City on February 5, 1969, and the stipulation settling the statement of the case was shortly thereafter signed by the attorneys for the City. The record on appeal was, on February 28, 1969, transmitted by the clerk of the district court to this court. Barbara during none of the times herein mentioned had made any application to the district court for any orders of extensions of time for the perfection of the appeal and delaying transmittal of the record to the Supreme Court. Thus a period of sixteen months had elapsed from the time that the order and judgment were entered until the record was transmitted to this court.

The City's first contention is that the undertaking was improper for the reason previously indicated in this opinion, and that its motion for dismissal of the appeal should be granted by virtue of noncompliance with § 28–27–09, N.D.C.C. This section provides in part that:

"* * * an undertaking must be executed on the part of the appellant by at least two sureties * * *."

and the record reveals that this statute was not strictly followed. Barbara's counsel,

without conceding the error with reference to the number of sureties required, requests this court to permit the addition of the second surety, which complies with the statute, and urges that this is a procedural and not a jurisdictional matter and thus that this court should grant Barbara's application for the amendment of the bond which contains two sureties and that this bond be approved as to form and amount. Section 28–27–26, N.D.C.C., provides, however, that:

"When a party in good faith shall give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just."

█ This court has been disposed to construe § 28–27–26 liberally, and has often held that defects in an undertaking may be supplied by amendment or by the giving of a new undertaking. E. g. In re Guardianship of Frank, 128 N.W.2d 355 (N.D. 1964); Wasson v. Brotherhood of Railroad Trainmen, 65 N.D. 246, 257 N.W. 635 (1934). This court has also held that § 28–27–26 is remedial in nature and is intended to favor the perfecting of appeals (In re Guardianship of Frank, *supra* at 358), and if the appeal has been taken in good faith, then the court may in its discretion allow the amendment to an undertaking even though the time for appeal has expired.

█ In the instant case, while the original undertaking was defective because there was only one surety on the undertaking, both the notice of appeal and the undertaking were filed within the statutory time limit, and Barbara should be permitted to file the bond with two sureties in addition to the principal in order to comply with § 28–27–09, N.D.C.C.

The City for its second contention urges that Barbara failed to transmit the appeal to this court within the time specified by the Supreme Court rules and thus its motion for dismissal should be granted.

Supreme Court Rule 21 states:

"Perfection of Appeal and Return of Record. An appeal is deemed perfected, in civil cases, upon both the service and filing of a notice of appeal, with undertaking on appeal, when required, and in criminal cases, upon service and filing of a notice of appeal.

"The clerk of the District Court shall cause the proper return to be made and the same, together with the statement of the case, if any, to be transmitted to and filed with the clerk of the Supreme Court, within fifteen days after the appeal is perfected, unless, by order of the trial court, made upon the application of any of the parties, such return shall be stayed for purposes of the appeal for an additional time, not exceeding forty-five days."

The City also urges that Supreme Court Rule 7 provides that if Barbara fails to comply with this rule, the case may be subject to dismissal unless the Supreme Court otherwise orders. Supreme Court Rule 7 provides in substance that upon perfecting his appeal to the Supreme Court, the appellant shall prepare his brief, serve the same, and file it with the clerk before or at the time the record of the case is transmitted to the Supreme Court.

The City further urges in support of its motion for dismissal that there has been a noncompliance with Supreme Court Rule 13, which states in part:

" * * * if the appellant shall fail or neglect to serve and file the record, or his brief, as required by law, or by these rules. * * *"

then the respondent may move for affirmance or dismissal of a cause.

The City further contends that Barbara's failure to comply with any of the require-

ments contained in the Supreme Court rules provides a basis for dismissal under and pursuant to Supreme Court Rule 31.

The record reveals that Barbara belatedly filed the briefs; that the record on appeal was not transmitted to this court for a period of sixteen months after the entry of the order and the summary judgment, which are the bases of the appeal; that the record does not disclose that either of the bonds were ever approved by the clerk of the district court; that Barbara failed to secure a settled statement of the case; and that more than one year after the appeal was perfected, a stipulation settling the statement of the case was signed by the attorneys of record, which signing occurred on February 5, 1969.

Barbara argues that no harm has occurred by the passage of time, and points out that there has been a lapse of sixteen months between the time that the order permitting the amended answer and the summary judgment of dismissal were entered, and the case was ready for argument before this court. Barbara states that within the period of time mentioned, she, as a litigant, had six months from the entry of judgment to decide whether or not to appeal. Barbara further urges that the appeal was taken in good faith and that through mistake or accident she failed to perfect the appeal to make it effectual or to stay the proceedings.

This court has held, in Pierce County Abstract Company v. Petterson, 142 N.W. 2d 620 (N.D. 1966):

"The dismissal of appeals for undue delay lies within the sound discretion of the Court." (¶ 1 of syllabus.)

■ It has been the practice of this court to favor appeals on the merits and even though Barbara's counsel failed to request an extension of time within which to perfect the appeal, this court is of the opinion that if Barbara has a meritorious claim, it should not be denied without a hearing on the merits because of her counsel's ac-

tivities. This case is here on the basis of a trial de novo. The record includes not only the stipulation settling the statement of the case, but also the pleadings, findings, judgment, notice of appeal, and the undertaking. The undertaking is one of the subjects of attack by the City. The City's argument concerning Barbara's failure to secure the certificate settling the statement of the case should not prevail. McLean v. Underdal, 73 N.D. 74, 11 N.W.2d 102 (1943). In addition, Barbara has filed her briefs and has requested this court to authorize the addition of another surety and the approval of the bond by the clerk and asked for a certificate settling the statement of the case. This court, after reviewing the record as well as considering that the briefs have been filed and the request for the approval of the bond and the certificate settling the statement of the case, is of the opinion that the City will not be prejudiced if its motion is denied.

Barbara's counsel in oral argument stated that it was his opinion that this court was without authority to dismiss an appeal for failure to file the record and briefs as required, since § 28–2737 of the North Dakota Revised Code of 1943 was repealed by § 2 of Chapter 236 of the 1947 Session Laws of North Dakota. Section 1 of Chapter 236 of the 1947 Session Laws provided as follows (now § 28–27–33.1, N.D.C.C.):

"* * * the supreme court of North Dakota is hereby empowered to promulgate rules pertaining to the forms and contents of briefs in cases and proceedings in the supreme court."

Pursuant to the above section the Supreme Court did, in fact, promulgate rules pertaining to such matters, including Supreme Court Rule 31, which states:

"Cases May be Dismissed for Failure to Comply with Rules. A failure to comply with any of the requirements contained in these rules within the time or in the manner therein provided shall constitute grounds for dismissal of the appeal, for an affirmance, or for the im-

position of terms, as the case may demand."

■ Furthermore, Barbara's counsel has apparently overlooked § 27-02-05, N.D. C.C., which grants to this court general powers, and reads as follows:

"The supreme court is vested with full power and authority necessary to carry into complete execution all its judgments, decrees, and determinations in the matters over which it has jurisdiction and for the exercise of its jurisdiction as the supreme judicial tribunal of this state."

In addition, § 27-02-08, N.D.C.C., provides that the Supreme Court of this State may make all rules of pleading, practice, and procedure which it may deem necessary; and § 27-02-09, N.D.C.C., provides as follows:

"All statutes relating to pleadings, practice, and procedure in civil or criminal actions, remedies, or proceedings, enacted by the legislative assembly, shall have force and effect only as rules of court and shall remain in effect unless and until amended or otherwise altered by rules promulgated by the supreme court."

All of these sections, together with the Supreme Court rules, without question empower this court to dismiss an appeal. Hamre v. Senger, 79 N.W.2d 41 (N.D. 1956); 5 C.J.S. Appeal and Error § 1377, p. 482 et seq.; 5 Am.Jur.2d, Appeal and Error § 915, pp. 346-347.

The rules of this court, together with its previous decisions, and the statutes, all, beyond any peradventure of a doubt, do authorize the Supreme Court to dismiss an appeal for failure to comply with the Supreme Court rules.

■ Since it does not appear that the City would be prejudiced by permitting the appeal to be perfected; the City has signed a stipulation settling the statement of the case; as § 28-27-26, N.D.C.C., is intended to be remedial in nature and we find that the appeal was taken in good faith and that the failure to file an undertaking that conforms to § 28-27-09, N.D.C.C., was the result of mistake or accident; and as it is the policy of this court to encourage the determination of cases on their merits, we grant Barbara the right to file an undertaking which will comply with § 28-27-09, N.D.C.C. However, the motion to dismiss the appeal will be granted unless the sufficiency of the sureties is approved by the clerk of the district court; a certificate settling the statement of the case is secured from the judge of the district court; and the sum of $75.00, as motion costs, is paid by Barbara to the City of Mandan, all of such conditions to be complied with within fifteen days from the date of this opinion.

TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.