167 N.W.2d 537 (1969)
Application of UNITED STATES CRUDE OIL PURCHASING CO. for an Order Designating a Depository with whom certain monies may be deposited by the Applicant in Accordance with the Provisions of Section 32-11-02 North Dakota Century Code.
Earl SCHWARTZ and H. L. Thorndal, Jr., Trustee in Bankruptcy of Petroleum Corporation of America, Movants and Respondents,
v.
William D. LEE, Defendant and Appellant.
Civ. No. 8536.
Supreme Court of North Dakota.
April 18, 1969.
*538 Bosard, McCutcheon & Kerian, Minot, for defendant and appellant.
Bjella & Jestrab, Williston, for movants and respondents.
KNUDSON, Judge.
Earl Schwartz, one of the claimants in the above entitled matter, has moved for the dismissal of the appeal by William D. Lee from the order of contempt dated November 8, 1968, for noncompliance with order of the court requiring deposit of funds, on the grounds that the applicant, William D. Lee, has failed and neglected to file his brief in accordance with Rule 7 of the Rules of the Supreme Court or to have the record transmitted to the Supreme Court as provided by § 28-27-06, North Dakota Century Code.
We have examined the record on appeal to ascertain whether there is any basis for the motion to dismiss the appeal. It appears that the procedural steps necessary for our consideration of this motion are as follows:
The order of contempt for noncompliance with order of this court requiring deposit of funds is dated November 8, 1968, and was served on Mr. Lee, the person held in contempt by the order, and on his attorneys, on November 12, 1968;
Mr. Lee served his notice of appeal upon the attorneys for Mr. Schwartz on November 11, 1968, together with the undertaking on appeal and filed it in the office of the clerk of court of Burleigh County on November 12, 1968;
The attorneys for Mr. Lee and the attorneys for Mr. Schwartz, and H. L. Thorndal, *539 Jr., trustee in bankruptcy of Petroleum Corporation of America, entered into a stipulation settling the statement of the case on January 6, 1969, and pursuant thereto the certificate settling the statement of the case was issued by the court on January 28, 1969;
The record on appeal was transmitted by the clerk of court of Burleigh County and was filed in the Supreme Court on March 25, 1969;
Mr. Schwartz filed his motion for dismissal of the appeal of Mr. Lee with the clerk of this court on March 27, 1969;
The appellant, Mr. Lee, had not filed his brief with this court by the date of the hearing of the motion on April 2, 1969.
The record on appeal transmitted to this court was complete, but the brief of Mr. Lee was not transmitted with the record as he had not filed his brief with the clerk of court of Burleigh County as required by Rule 7.
The parties having stipulated to settling the statement of the case, Mr. Schwartz will be deemed to have acquiesced in any delay there may have been in securing the settled statement of the case.
The question before us is whether the failure to file the brief in the manner and within the time limited by Rule 7 of the Rules of Practice of the North Dakota Supreme Court, 76 N.D. xviii, is sufficient to warrant the dismissal of the appeal.
Rule 7 reads as follows:
Filing of Briefs. Upon appeal to the Supreme Court, the appellant shall fully prepare his brief and serve it upon the respondent, and file it with the clerk of the court from which the appeal is taken before or at the time record of the case is transmitted to the Supreme Court, by the Clerk of the District Court, and it shall be transmitted with such record.
Within fifteen days after the service of the appellant's brief upon the respondent, as aforesaid, the respondent shall prepare his brief, and serve it upon appellant, and file it with the Clerk of the the Supreme Court.
Failure of the appellant to comply with this rule will subject the appeal to dismissal, unless the Supreme Court for sufficient cause, should otherwise order.
Rule 31 of the Rules of Practice of the Supreme Court provides that cases may be dismissed for failure to comply with the rules, and reads as follows:
Cases May Be Dismissed for Failure to Comply With Rules. A failure to comply with any of the requirements contained in these rules within the time or in the manner therein provided shall constitute grounds for dismissal of the appeal, for an affirmance, or for the imposition of terms, as the case may demand.
Although under Rule 31 a failure to comply with any of the requirements of the Supreme Court rules within the time or in the manner provided constitutes a ground for dismissal of the appeal, the rule indicates that the dismissal is discretionary with the Supreme Court, and the failure to comply with the rules does not deprive the Court of jurisdiction. Hamre v. Senger, 79 N.W.2d 41 (N.D.1956).
Mr. Schwartz has not shown that the failure to timely file the briefs has resulted in any inconvenience, detriment or prejudice to him. The attorney for Mr. Lee states that he has worked on the brief for the past few months and has it about half completed, that he is now busily engaged in the trial of several cases, and he requests additional time from this court within which to complete his brief, serve it upon Mr. Schwartz, and file it in this court.
A motion dismissing an appeal for lack of diligence in the filing of the brief is addressed to the discretion of the court, and where the delay in the filing of the *540 brief has not resulted in any inconvenience, detriment or prejudice to the other party, the court may refuse to dismiss the appeal.
Dismissals of appeals are looked upon with disfavor and in considering a motion for dismissal of appeal for undue delay the Supreme Court must consider that appeals on the merits are favored. Pierce County Abstract Co. v. Petterson, 142 N.W.2d 620 (N.D.1966). Accordingly, it is ordered that this appeal will be dismissed unless Mr. Lee serves his brief upon the attorney for Mr. Schwartz and causes the same to be filed in this court on or before the first day of May, 1969.
TEIGEN, C. J., and STRUTZ, ERICKSTAD and PAULSON, JJ., concur.