Clifford DODD, Plaintiff and Appellant,

v.

GREYHOUND BUS LINES, INC., Defendant and Respondent.

Civ. No. 8665.

Supreme Court of North Dakota.

Sept. 23, 1970.

George E. Duis, Fargo, for plaintiff and appellant.

William D. Yuill, Fargo, for defendant and respondent.

STRUTZ, Judge.

The plaintiff brought this action to recover for alleged injuries suffered while riding as a passenger on one of the defendant's buses. He alleges that the bus was so negligently operated that his head struck the luggage carrier above his seat, causing the injuries complained of. Issue was joined, and the case was tried to a jury which brought in a verdict for the defendant, dismissing the plaintiff's complaint. Judgment was entered on the verdict on October 25, 1966. The following day, October 26, the plaintiff moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. His motion was denied by the district court on December 16, 1966.

On March 16, 1967, the plaintiff appealed from the order denying his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, and from the judgment entered on the verdict of the jury, by serving notice of appeal and undertaking. On August 14, 1967, the parties entered into a written stipulation, by the terms of which they attempted to stay all proceedings in connection with the plaintiff's appeal for sixty days after November 1, 1967. No further steps were taken by the plaintiff to bring the matter on for hearing in this court, and more than 2½ years have now elapsed since the expiration of the 60-day period.

The defendant now moves this court for a dismissal of the appeal and for an affirmance of the judgment. The appellant has made no attempt to excuse his delay in prosecuting the appeal.

In deciding this motion, it is necessary for us to consider the pertinent rules of practice governing appeals to this court. Rule 7 of the Rules of Practice in the Supreme Court provides that upon appeal to the Supreme Court the appellant shall fully prepare his brief and serve it upon the respondent and file it with the clerk of the court from which the appeal is taken before or at the time the record is transmitted to the Supreme Court by the clerk of the district court. This rule goes on to provide:

"Failure of the appellant to comply with this rule will subject the appeal to dismissal, unless the Supreme Court, for sufficient cause, should otherwise order."

Rule 13 provides that if the appellant shall fail or neglect to serve and file the record or his brief, the respondent may apply to the court for affirmance or dismissal of the cause, as the case may be.

Rule 21 provides that the clerk of the district court shall cause a proper return to be made which, together with a statement of the case, if any, shall be transmitted to and filed with the clerk of the Supreme Court within fifteen days after the appeal is perfected, unless, by order of the trial court, made upon the application of any of the parties, such return shall be stayed for purposes of the appeal for an additional time, not exceeding forty-five days.

Finally, Rule 31 provides that a failure to comply with any of the requirements contained in the rules within the time or in

the manner provided shall constitute grounds for dismissal of the appeal or for the imposition of terms.

 Whether the defendant's motion to dismiss the appeal for failure of the plaintiff to comply with any of the above rules should not be granted is within the discretion of this court. We have held that a motion to dismiss an appeal for lack of diligence in its prosecution is addressed to the sound discretion of the court, but that where it appears that the appellant has cured the default which may have existed by filing the entire record in this court before the motion to dismiss was made, the motion should be denied. Hamre v. Senger, 79 N.W.2d 41 (N.D.1956).

 Courts look with disfavor upon dismissal of appeals without a hearing on the merits. Application of United States Crude Oil Purchasing Co., 167 N.W.2d 537 (N.D.1969); Pierce County Abstract Co. v. Petterson, 142 N.W.2d 620 (N.D.1966).

 Notice of appeal and undertaking were served and filed on March 16, 1967, and, by stipulation of the parties, they attempted to stay all proceedings for sixty days from and after November 1, 1967, or until January 1, 1968. Two and one-half years now have gone by since the expiration of such 60-day period, yet the plaintiff has wholly failed to take any further steps to prosecute his appeal and he has failed to appear or offer an excuse for his failure to do so. Under the circumstances, we find that the delay in prosecuting the appeal was not excusable and that there was no justification for failure to complete the appeal.

The appeal therefore is dismissed and the judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.