**EAST GRAND FORKS FEDERAL SAV-
INGS AND LOAN ASSOCIATION,
Plaintiff and Appellant,**

v.

**Arnold R. MUELLER et al., Defendants
and Respondents.**

**Civ. No. 8758.**

Supreme Court of North Dakota.

Oct. 22, 1971.

Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for plaintiff and appellant.

Garry A. Pearson, Grand Forks, for defendant and respondent Red River Realty, Inc.

TEIGEN, Judge.

The respondent, Red River Realty, Inc., has moved for a dismissal of the appeal because of delay on the part of the appellant, East Grand Forks Federal Savings and Loan Association, to serve and file a record of the case and to prosecute the appeal. The motion is made under Rule 13 of the Rules of Practice in the Supreme Court of North Dakota, which provides:

"Rule 13. *Affirmance or Dismissal upon Default.* The respondent may apply to the court for affirmance or dismissal of a cause, as the case may be, if the appellant shall fail or neglect to serve and file the record, or his brief, as required by law, or by these rules.

"However, for the default of the respondent, no reversal will be ordered unless the record presents reversible error."

The appellant has resisted the motion and the issue has been submitted on briefs, both parties waiving oral arguments.

It appears that this is an action which was tried to the court without a jury and an amended judgment was entered on October 13, 1970. Thereafter a notice of appeal demanding trial de novo in this court was served on October 21, 1970. No action was taken to extend the time in which to obtain a settled statement of the case, or to serve the appellant's brief, or to file the record in this court until after the motion to dismiss the appeal had been served upon the appellant on September 14, 1971, which motion was noticed for hearing on October 13, 1971. Subsequent to the service of the motion to dismiss, the parties, on September 23, 1971, stipulated to settle the state-

ment of the case and, on the same day, the trial court entered its order settling the statement of the case. Thereafter the record was filed in this court on September 28, 1971, and the appellant served its brief upon the respondent on September 30, 1971, and filed the same with the clerk of this court on October 1, 1971. Thus the record on appeal is now complete in this court except for the respondent's brief.

While under Rule 13 a failure or neglect to serve and file a record or brief as required by law or the rules shall constitute a ground for dismissal, Rule 13 indicates that dismissal is discretionary and failure to comply with the law and the rule does not deprive the court of jurisdiction. The respondent does not have an absolute right to a dismissal of the appeal under this rule. The court, in its discretion, may refuse to dismiss the appeal where the delay in the filing thereof has not resulted in any inconvenience, detriment or prejudice to the respondent, nor occasioned any delay in the hearing of the appeal and the submission of the cause. Austinson v. Kilpatrick, 82 N.W.2d 388 (N.D.1957); Hamre v. Senger, 79 N.W.2d 41 (N.D.1956).

The entire record is now before us and the matter may be placed upon the November 1971 calendar of this court for argument. The delay in obtaining a settlement of the statement of the case has been cured without an extension of time having been granted as the order of settlement itself operates to extend the time for such settlement. Permann v. Knife River Coal Mining Co., 180 N.W.2d 146 (N.D.1970); Schriock v. Schriock, 128 N.W.2d 852 (N.D.1964); Johnson v. Northern Pacific Railway Co., 1 N.D. 354, 48 N.W. 227 (1890).

No argument has been presented to show that the delay has resulted in any inconvenience, detriment or prejudice to the respondent. The court favors the dis-

position of cases on the merits. Dodd v. Greyhound Bus Lines, Inc., 180 N.W.2d 240 (N.D.1970); Application of United States Crude Oil Purchasing Co., 167 N.W.2d 537 (N.D.1969); Pierce County Abstract Company v. Petterson, 142 N.W.2d 620 (N.D.1966).

Therefore we deny the motion to dismiss and order that the case be placed upon the November 1971 calendar of this court for argument; leave, however, is granted the respondent to move for a continuance over the November Term if, because of the shortness of time, it is unable to prepare and serve its respondent's brief and prepare for argument.

STRUTZ, C. J., and ERICKSTAD, PAULSON, and KNUDSON, JJ., concur.