Anton VOGEL and Ruth Vogel,
Plaintiffs and Respondents,

v.

Kenneth R. ROBERTS and Colleen Roberts,
Defendants and Appellants.

Civ. No. 8828.

Supreme Court of North Dakota.

Oct. 31, 1972.

William R. Mills, Bismarck, for plaintiffs and respondents.

Christensen, Christensen & Bear, Bismarck, for defendants and appellants.

STRUTZ, Chief Judge.

The plaintiffs commenced this action by service of summons and complaint, which the defendants took to their lawyers for the purpose of having an answer prepared and served. The defendants' attorneys, within the time for answer, served upon the plaintiffs' counsel a document which they entitled "Notice of Appearance." This notice in reality was a general denial. The defendants thereafter took no further action, and the plaintiffs served upon them a motion and notice of motion for entry of default judgment. The defendants' attorneys assert that because of excusable neglect, they were unaware of this motion for the entry of judgment and were advised of it only after judgment had been entered against their clients and an execution had been issued on such judgment.

When the defendants' counsel became aware of the judgment, a motion and notice of motion to vacate the judgment on grounds of excusable neglect were served upon the plaintiffs' attorney. After a hearing on the motion, the trial court announced orally from the bench that he was denying the motion to vacate. The defendants immediately served notice of appeal from such oral judgment. Three days after the defendants had taken such purported appeal, the trial court signed its written or-

der denying the defendants' motion to vacate. The defendants, however, served no new notice of appeal from the written order.

After serving their notice of appeal from the oral order denying their motion to vacate the judgment against them, the defendants took no further steps to prosecute such appeal. On September 24, 1971, six months after the defendants had taken their appeal, the plaintiffs notified them that unless prompt steps were taken to bring the matter on for hearing, a motion would be made to dismiss the appeal. The defendants did nothing further, and we now have before us the plaintiffs' motion to dismiss the appeal. After the serving and filing of such motion, the defendants did file their appellants' brief, and the matter now is ready to be argued on its merits in this court.

The only issue before us at this time is whether the motion to dismiss the appeal should be granted.

Section 28–27–26 of the North Dakota Century Code provides:

"When a party in good faith shall give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just."

■ This court has the authority to dismiss an appeal for failure to comply with statutes and Supreme Court rules governing appeals. We have held that the above statute is remedial in nature, and that hearing an appeal on its merits is fa-vored; that if the appeal has been taken in good faith, the court will construe this law liberally to permit the matter to be heard on its merits. Aune v. City of Mandan, 166 N.W.2d 559 (N.D.1969); In re Guardianship of Frank, 128 N.W.2d 355 (N.D. 1964).

■ We also have held that where the party making a motion to dismiss fails to show that the appellant's failure to file his appellant's brief, as required by the appellate rules, has resulted in some detriment or prejudice to him, the motion to dismiss will be denied, since the court favors a hearing of the appeal on its merits. Application of United States Crude Oil Purchasing Co., 167 N.W.2d 537 (N.D.1969).

Therefore, if the appeal in this case was properly taken by the defendants, the above principles will be applied in considering the motion to dismiss. We first must consider whether the appeal was properly taken.

The defendants' notice of appeal was dated and served before the written order denying the motion to vacate the judgment was signed by the trial court and filed in the office of the clerk of the district court. Did this make the defendants' appeal premature?

The pertinent statute providing for appeals is Section 28–27–04, North Dakota Century Code. It reads:

"An appeal from a judgment may be taken within ninety days after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing."

■ This court, in Citizens' National Bank of Northwood v. Larson, 59 N.D. 427, 230 N.W. 292 (1930), held that finality of an order for purposes of appeal is not affected by the date of filing in the office of the clerk of court. Following *Citizens' National Bank,* we recently held that an appealing party may waive the service of written notice of entry of an order and may appeal from such order before it is filed with the clerk of the district court. Skinner v. American State Bank, 189 N.W.2d 665 (N.D.1971). In view of this holding, may an appeal be taken from an oral order before the order is reduced to writing and signed by the judge of the district court?

Some courts hold that an oral decision announced in open court is appealable. In adopting this view, these courts conclude that in cases tried to the court without a jury the court's decision becomes effective immediately upon its oral announcement, and an appeal therefrom need not await the formal entry of judgment. Grzys v. Connecticut Co., 123 Conn. 605, 198 A. 259 (1938). In such jurisdictions, an order or judgment is effective immediately upon its oral announcement, at which time an appeal may be taken; and reducing the order or judgment to writing is merely a matter of subsequent clerical action. Illinois has held that a judgment becomes effective when announced in open court, or, if no such announcement is made, when it is reduced to writing, approved by the judge, and filed. People ex rel. Schwartz v. Fagerholm, 17 Ill.2d 131, 161 N.E.2d 20 (1959).

This court has not had occasion to pass on the question of the appealability of an oral pronouncement of an order or decision. We have, however, indicated that should such issue be presented, we would hold that an oral decision is not appealable.

This court, speaking through Judge Christianson in a case in which a supervisory writ was sought to control the action of the trial court in a habeas corpus proceeding, pointed out that an application for a supervisory writ may be made before the writ of habeas corpus actually is issued and signed by the court since there is no appeal from the determination made by the district court in a habeas corpus proceeding, and an application for a supervisory writ made after the issuance of the habeas corpus writ would be meaningless. The court then went on to say:

"The appellate jurisdiction is the power vested in this court to review and revise the judicial action of an inferior court which is evidenced by an appealable order made by the inferior court or by a judgment rendered by such court. *Until a written order has been made or a judgment rendered there would, of course, be no basis for an appeal."* [Emphasis supplied.] State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849, 857 (1947).

In State v. Lindeman, 64 N.D. 518, 254 N.W. 276, 93 A.L.R. 1442 (1934), this court, in an opinion by the Honorable John Burke, unanimously held that an order granting or denying a motion for new trial in a criminal action must be in writing to be appealable, or, if the order is made in open court, it must be entered in the minutes of the court; and that unless an order is reduced to writing, there is nothing to appeal from.

■ If the appeal in this case were limited to an appeal from the order denying the motion to set aside the default judgment, we might be compelled to dismiss the appeal because there would be nothing to appeal from. In this case, however, the appeal, as set forth in the notice

of appeal dated and served March 23, 1971, is not only from the order denying the motion to vacate the default judgment but from the default judgment itself. The judgment in this case was entered on January 14, 1971. The appeal from the judgment therefore was timely taken. However, no specifications of error were filed with the notice of appeal. This court has held that on an appeal from a judgment where specifications of error are not served, our review is limited to errors appearing on the face of the judgment roll. Pope v. Popow, 133 N.W.2d 433 (N.D.1965); Mevorah v. Goodman, 65 N.W.2d 278 (N.D.1954). Errors of law not appearing on the judgment roll and the sufficiency of the evidence to sustain the judgment are not subject to review on such appeal. Our review therefore will be limited to errors of law appearing on the face of the judgment roll.

For reasons set forth herein, the order denying the motion to vacate the default judgment is affirmed, and the motion to dismiss the appeal from the judgment is denied.

KNUDSON, PAULSON and ERICKSTAD, JJ., concur.

TEIGEN, Judge (dissenting in part).

It is my opinion that the appeal from the judgment should also be dismissed.

The procedural situation here is very simple. The default judgment was entered in favor of the plaintiffs on January 14, 1971. The written order denying a motion to set aside the judgment was made on March 26, 1971. The notice of appeal was served on March 23, 1971. It purports to be an appeal taken from a default judgment and also from the order denying the motion to set aside. Thereafter nothing was done until the respondents wrote the attorney for the appellants on September 24, 1971, stating that they would move to dismiss the appeal unless the appellants proceeded promptly to cause the matter to be heard. No steps were taken to perfect the appeal and, on May 9, 1972, the respondents moved for a dismissal. Thereafter, on May 30, 1972, the attorney for the appellants filed in this court the appellants' brief. A period of one year, two months, and seven days elapsed from the date of the service of the notice of appeal and the filing of the appellants' brief.

Upon examination of the appellants' brief I find no reference to any claimed errors of law appearing on the face of the judgment roll. The only issue argued in the brief is that the lower court erred in denying the motion to set aside the default judgment. Thus the only attack in the brief is upon the order denying the motion to vacate the default judgment. This order has been affirmed by the majority in their opinion and with this decision I agree. The majority, however, refuse to dismiss the appeal from the judgment. They state that our review of it will be limited to errors of law appearing on the face of the judgment roll. To date we have no brief, no argument and no claim has been made by the appellants that there are any errors of law appearing on the face of the judgment roll.

We have three rules pertaining to appeals which are applicable here. Rule 7 of the Rules of Appellate Procedure provides, in substance, that upon perfecting an appeal the appellant shall prepare his brief and serve the same and file it with the clerk before or at the time the record of the case is transmitted to the supreme court, and that if the appellant does not comply with this rule it subjects the appeal to a dismissal unless this court, for sufficient cause, should otherwise order. Rule 13 provides, in substance, that if the appellant shall fail or neglect to serve and file the record or his brief as required the respondent may apply to the court for affirmance or dismissal of the cause, as the case may be. Rule 31 of this court pro-

vides, in substance, that a failure to comply with any of the requirements of the rules within the time or in the manner provided is grounds for dismissal of the appeal, for affirmance, or for the imposition of terms, as the case may demand.

The appellants have taken none of the steps required to perfect the appeal from the judgment nor have the appellants complained of any errors appearing on the face of the judgment roll. The appeal from the judgment is still not ready to be heard as no issue has been raised. No cause is shown for the delay. It is my belief that this appeal should also be dismissed.