**Robert E. QUICK, Plaintiff and Appellee,**

v.

**Adrian J. FISCHER; Helen E. Fischer; Evan Shark; Joseph O. LaFave; Laura Kist; John D. Robbins; Lois Ann Robbins; Jack LaFave; Cecil L. Ringgenberg; Judy M. Ringgenberg; United Accounts, Inc.; Wheeler, Wolf, Peterson and Schmitz; and Medical Collections, Inc., Defendants,**

**Curtis Homes, Inc., Applicant for Intervention as Defendant and Appellant.**

**Civ. No. 870174.**

Supreme Court of North Dakota.

Jan. 12, 1988.

Christensen & Thompson, Bismarck, for plaintiff and appellee; argued by Maury C. Thompson.

Rausch & Rausch, Bismarck, for defendants and appellant; argued by James P. Rausch. Appearance by Robert S. Ryan, General Counsel, Curtis Homes.

MESCHKE, Justice.

Curtis Homes, Inc. (Curtis), appealed from denial of its postjudgment motion to intervene for the purpose of redeeming from cancellation of a contract for deed. We reverse and remand.

By contract for deed of February 28, 1977, William E. Grosz, Carol D. Grosz, Donald R. Grosz, Albert R. Grosz, and Mary Grosz (Grosz) sold four quarters of land to Sammy N. West. By quit-claim deed of October 29, 1981, Sammy N. and Anne Catherine West (West) conveyed their interest in the land to Adrian J. and Helen Fischer (Fischers). By contract for deed of September 1, 1982, Fischers sold 40 acres of the land to George A. and Ida A. Somers (Somers) for $24,000 due by July 15, 1986. On June 29, 1983, Somers mortgaged the 40 acres to Curtis to secure payment of $69,421 for construction of a home on their parcel.

When Somers defaulted on their contract for deed, Fischers sued to cancel it. While that action was pending, Fischers agreed with Curtis to complete the cancellation action and, if no redemption was made, to sell the property to Curtis Financial Corporation for $25,537.04. The agreement was not recorded. By judgment dated October 28, 1986, Somers' contract for deed with Fischers was canceled and Somers lost their interests in the 40 acres except for a right to redeem within 75 days. Neither Somers nor Curtis redeemed.

Before their cancellation action against Somers was completed, Fischers defaulted on their obligations to Grosz. On January 19, 1987, Grosz sued Fischers to cancel the contract for deed that Fischers had bought from West. Grosz did not make Curtis a party to the action. On March 11, 1987, Fischers stipulated to judgment cancelling their rights under the contract for deed and waived their right of redemption. On March 12, 1987, Robert E. Quick became the owner of part of the land, including the Somers parcel, by quit-claim deed from Grosz, and then, by stipulation, Quick was substituted for Grosz as the plaintiff. On March 25, 1987, a judgment was entered cancelling Fischers' rights in the land.

Upon learning of the judgment, Curtis moved under NDRCivP 24 to intervene in the action as a defendant seeking the right to redeem the 40-acre parcel previously owned by Somers. The trial court denied the motion and Curtis appealed, claiming that the trial court erred in refusing to allow intervention.

The trial court gave two reasons for denying intervention: (1) "Since judgment has already been entered, it is too late to intervene"; and (2) "Given the state of the record, I do not see that there would be any equity in permitting Curtis Homes to intervene in this action and to redeem in the manner which they propose."

Counsel for Quick conceded at oral argument that he knew of the agreement between Fischers and Curtis. Quick is therefore deemed to have that knowledge. NDCC 3-03-05. "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof." NDCC 47-19-46.

▪ *Knauss v. Miles Homes, Inc.*, 173 N.W.2d 896 (N.D.1969), involved a similar situation. Knauss sold land to Burke under a contract for deed. Burke mortgaged the land to Miles. Knauss sued to cancel the contract for deed. Knauss knew of the recorded mortgage but did not make Miles a party to the action. A judgment of cancellation was entered and Burke did not appeal. Knauss later brought an action to quiet title to discharge the mortgage of record. This court said, 173 N.W.2d at 900:

"... The plaintiff having had actual knowledge of the mortgage to Miles, he should have joined Miles as a party defendant in order to cut off any interest which Miles might have as assignee of the interest of Burke....

"Thus, in cancelling the contract for deed which he had given to Burke, the plaintiff should have joined Miles as a party defendant. Had he done so, Miles would have been compelled to pay off the

Burke contract to protect its interest. The plaintiff would have had his money, or Miles's interest would have been cut off...."

Thus, because Quick knew of the agreement between Fischers and Curtis, he should have made Curtis a party to the action before entering judgment.

■ The trial court erred in ruling that "[s]ince judgment has already been entered, it is too late to intervene." An application to intervene under NDRCivP 24 must be timely. A postjudgment motion is not necessarily untimely. "Intervention after judgment is unusual and not often granted." 3B, *Moore's Federal Practice* ¶ 24.13, p. 24–154 (1987). "There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant." 7C, C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d,* § 1916, p. 444 (1986). "The court must weigh the lapse of time in the light of all the circumstances of the case." *Id.,* at 426. Curtis moved to intervene on April 8, 1987, promptly after learning of the entry of judgment, within the time for appeal and within a time ordinarily allowed for redemption.

Quick's reliance on *Frandson v. Casey,* 73 N.W.2d 436 (N.D.1955); *Braatelien v. Burns,* 74 N.D. 29, 19 N.W.2d 827 (1945); and *Citizens' Nat'l Bank v. Larson,* 59 N.D. 427, 230 N.W. 292 (1930), is misplaced. Those decisions construed § 28–0219, R.C. 1943, which, before being superseded by NDRCivP 24, specifically required that an application to intervene be made before trial. NDRCivP 24 is not so limited.

■ Although the trial court erred in denying intervention on the ground that a motion after judgment is too late, the court denied intervention on another ground as well. The court reasoned that it would not be equitable to permit "Curtis Homes to intervene in this action and to redeem in the manner which they propose."

"The proposed complaint or answer of the intervenor must state a well-pleaded claim or defense. On the application for intervention, the well-pleaded allegations will be taken as true." 3B, *Moore's Federal Practice* ¶ 24.14, p. 24–162 (1987). *See also* 7C, C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d,* § 1914 (1986).

Curtis pleaded a right to redeem to protect its agreement for purchase of the 40 acres from Fischer, the vendee of the contract cancelled by the judgment. Taking Curtis' claim of a contract to purchase from Fischer as true, we believe the trial court erred in denying intervention for the limited purpose of protecting its interest in the property. NDRCivP 24(a).

Curtis proposed to redeem the 40 acres previously owned by Somers, which was only a small portion of the land subject to the prior contract for deed with Grosz. Quick purchased a much larger tract of land from Grosz, though not all four quarters originally contracted. To allow Curtis to redeem only the 40–acre parcel might partition the property without the consent of Quick or Grosz. But, redemption was certainly in order. *See* NDCC 35–01–16 and 35–01–17. After intervention, the trial court should formulate the redemption appropriate for the circumstances.

The order denying Curtis' motion to intervene is reversed and the matter is remanded for further proceedings.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.